IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> POSITEC USA INC. and RW DIRECT, INC., <br><br> Defendants. | Case No. 1:11-cv-05426 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate-Judge Geraldine Soat Brown <br><br> **JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiffs The Black & Decker Corporation, Black & Decker Inc. and Black & Decker (U.S.) Inc. complain of Defendants Positec USA Inc. and RW Direct, Inc. as follows:

1.      This Complaint includes a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.   This Court has exclusive jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

2.      This Complaint also includes claims for trademark infringement under 15 U.S.C. § 1051 et seq.; for unfair competition, false designation of origin and trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); for dilution of Plaintiffs' trademarks under 15 U.S.C. § 1125(c); and for common law trademark infringement and state law unfair competition.   This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331, 1332(a), and § 1338(a) and (b); and 28 U.S.C. § 1367.

3.      The Black & Decker Corporation ("BDC") is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, MD 21286.  BDC is a subsidiary of Stanley Black & Decker, Inc.

4.     Black & Decker Inc. ("BDI") is a Delaware corporation having its principal place of business at 1207 Drummond Plaza, Newark, DE 19711.  BDI is a subsidiary of BDC.

5.     Black & Decker (U.S.) Inc. ("BDUS") is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, MD 21286.  BDUS is a subsidiary of BDI.

6.     Collectively, Plaintiffs are, among other things, a leading worldwide designer, manufacturer and provider of power tools and accessories sold under the DeWalt® brand name and of yard care equipment sold under the Black & Decker® brand name.

7.     Positec USA Inc. ("Positec") is a North Carolina corporation having its principal place of business at 10130 Perimeter Woods Dr., Charlotte, NC 28216.  Among other things, Positec manufactures and sells power tools and accessories under the Rockwell® brand name and yard care equipment under the Worx® brand name, including the products accused of infringement in this action.

8.     The Court has personal jurisdiction over Positec because, among other things, it transacts business in this District, at least by offering to sell, selling and/or advertising the accused products in such a way as to reach customers in Illinois and this judicial district, including through retail stores located in this District (e.g., Lowe's, Menards, Sears and Home Depot).  Positec has specifically committed acts of infringement in this judicial district.

9.     RW Direct, Inc. ("RW Direct") is a North Carolina corporation having its principal place of business at 10130 Perimeter Woods Dr., Charlotte, NC 28216. Among other things, RW Direct sells power tools and accessories under the Rockwell® brand name and yard care equipment under the Worx® brand name, including the products accused of infringement in this action.

10.     The Court has personal jurisdiction over RW Direct because, among other things, it transacts business in this District, at least by offering to sell, selling and/or advertising the accused products in such a way as to reach customers in Illinois and this judicial district, including through the Internet via its websites (e.g., worxtools.com and rockwelltools.com). RW Direct has specifically committed acts of infringement in this judicial district.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## COUNT I
## PATENT INFRINGEMENT

12.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

13.     BDI is the owner of the following patents in suit:

(1)     United States Patent No. 5,604,954, entitled "Blower-Vacuum Device," issued on February 25, 1997 (the "'954 patent");

(2)     United States Patent No. 6,263,975 B1, entitled "Lawn Edger Including Multi-Positionable Edge-Guide," issued on July 24, 2001 (the "'975 patent");

(3)     United States Patent No. 6,612,376 B2, entitled "Hinged Edger Housing Improved Internal Debris Guard and Labyrinth Perimeter Seal," issued on September 2, 2003 (the "'376 patent"); and,

(4)     United States Patent No. 6,926,090 B2, entitled "Hinged Edger Housing Improved Internal Debris Guard and Labyrinth Perimeter Seal," issued on August 9, 2005 (the "'090 patent").

14.     BDUS is the exclusive licensee under the patents in suit and has been directly injured by Positec's infringing activities.  BDUS and Positec directly compete with each other for the sale of yard care power tool products in the United States.

15.     BDUS is the exclusive licensee under the patents in suit and has been directly injured by RW Direct's infringing activities.  BDUS and RW Direct directly compete with each other for the sale of yard care power tool products in the United States.

16.     BDI and BDUS have standing to sue for infringement of the patents in suit because they collectively own all right, title and interest in and to the patents in suit and the Black & Decker® products covered by those patents, including the right to collect for past damages.  BDI and BDUS have each suffered injury from Positec and RW Direct's acts of patent infringement.

17.     Positec has infringed and is now directly infringing at least claims 1-7 and 10 of the '954 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing yard care products, including but not limited to the WORX TriVac All-in-One Compact Blower/Mulcher/Vac Model No. WG500 (the "Accused Blower-Vac Products").  Positec has also infringed the '954 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Blower-Vac Products.

18.     Positec has infringed and is now directly infringing at least claims 1, 2 and 12-15 of the '090 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing yard care products, including but not limited to the WORX 2-in-1 Lawn Edger Model No. WG895 (the "Accused Edger Products").  Positec has also infringed the '090 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Edger Products.

19.     Positec has infringed and is now directly infringing at least claims 1, 5-10 and 13-18 of the '376 patent through, among other activities, the manufacture, use, sale, importation

4

and/or offer for sale of infringing yard care products, including but not limited to the Accused Edger Products. Positec has also infringed the '376 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Edger Products.

20.     Positec has infringed and is now directly infringing at least claims 1 and 7-10 of the '975 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing yard care products, including but not limited to the Accused Edger Products. Positec has also infringed the '975 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Edger Products.

21.     Positec's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

22.     RW Direct has infringed and is now directly infringing at least claims 1-7 and 10 of the '954 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing yard care products, including but not limited to the WORX TriVac All-in-One Compact Blower/Mulcher/Vac Model No. WG500 (the "Accused Blower-Vac Products"). RW Direct has also infringed the '954 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Blower-Vac Products.

23.     RW Direct has infringed and is now directly infringing at least claims 1, 2 and 12-15 of the '090 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing yard care products, including but not limited to the WORX 2-in-1 Lawn Edger Model No. WG895 (the "Accused Edger Products"). RW Direct has also

infringed the '090 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Edger Products.

24.     RW Direct has infringed and is now directly infringing at least claims 1, 5-10 and 13-18 of the '376 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing yard care products, including but not limited to the Accused Edger Products.  RW Direct has also infringed the '376 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Edger Products.

25.     RW Direct has infringed and is now directly infringing at least claims 1 and 7-10 of the '975 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing yard care products, including but not limited to the Accused Edger Products.  RW Direct has also infringed the '975 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the Accused Edger Products.

26.     RW Direct's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

27.     Plaintiffs have fully complied with the provisions of 35 U.S.C. § 287.

28.     Positec's infringement, contributory infringement and/or inducement to infringe has been willful, deliberate and objectively reckless.

29.     RW Direct's infringement, contributory infringement and/or inducement to infringe has been willful, deliberate and objectively reckless.

30.     Positec's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the claims of the patents in suit.

31.     RW Direct's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the claims of the patents in suit.

## COUNT I
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully asks this Court to enter judgment against Positec and RW Direct, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with them, granting the following relief:

A.      The entry of judgment in favor of Plaintiffs and against Positec and RW Direct;

B.      An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.      Increased damages as permitted under 35 U.S.C. § 284;

D.      A finding that this case is exceptional and an award to Plaintiffs of their reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

E.      A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of each of the patents in suit; and,

7

F. Such other relief to which Plaintiffs are entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## COUNT II
## TRADEMARK INFRINGEMENT

32. Plaintiffs incorporate all prior allegations as if set forth fully herein.

33. This Court has jurisdiction over the subject matter of this claim, this being a claim of trademark infringement arising under the Trademark Laws of the United States as codified in 15 U.S.C. § 1051 et seq.

34. Plaintiffs formally introduced the DeWalt® line of power tools in January 1992, which has been continuously expanded to include an entire family of DeWalt power tools and power tool accessories. Besides the superior performance characteristics of such products, Plaintiffs have always sought to associate the DeWalt tools with a distinctive yellow and black color scheme.

35. BDC owns and has standing to sue for infringement of the family of yellow and black color trademarks associated with the DeWalt products, including common law trademarks and the following U.S. Trademark Registration Nos. (collectively the "DeWalt Trademarks"):

| | | | |
|---|---|---|---|
| 1,734,403 | 2,348,074 | 2,742,278 | 3,064,656 |
| 1,734,404 | 2,437,867 | 2,770,444 | 3,064,663 |
| 2,347,976 | 2,447,316 | 2,831,672 | 3,064,666 |
| 2,347,981 | 2,447,318 | 2,901,234 | 3,064,671 |
| 2,347,982 | 2,447,319 | 2,902,806 | 3,064,672 |
| 2,347,983 | 2,447,320 | 2,909,314 | 3,064,673 |
| 2,348,049 | 2,447,321 | 2,999,545 | 3,066,990 |
| 2,348,050 | 2,447,322 | 3,064,649 | 3,066,991 |
| 2,348,051 | 2,447,323 | 3,064,650 | 3,066,999 |
| 2,348,052 | 2,447,327 | 3,064,651 | 3,067,004 |
| 2,348,070 | 2,447,328 | 3,064,652 | 3,657,971 |
| 2,348,072 | 2,474,794 | 3,064,653 | 3,727,526 |
| 2,348,073 | 2,737,010 | 3,064,654 | |

36.     BDUS is the exclusive licensee of the DeWalt Trademark rights, which are still used and have never been abandoned. The DeWalt Trademark registrations are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

37.     BDUS manufactures and sells DeWalt products bearing the DeWalt Trademarks and has been directly injured by Positec and RW Direct's infringing activities.  BDUS and Positec directly compete with each other for the sale of power tool and power tool accessory products in the United States.

38.     BDC and BDUS have standing to sue for infringement of the DeWalt Trademarks in suit because they collectively own all right, title and interest in and to the DeWalt Trademarks and Plaintiffs' products sold under those trademarks, including the right to collect for past damages.  BDC and BDUS have each suffered injury from Positec and RW Direct's acts of trademark infringement.

39.     The DeWalt products are sold through nearly all leading hardware stores and major retailers, including Home Depot, Sears, Lowe's and Menard's, throughout the United States and in Illinois and this judicial district.

40.     As a result of Plaintiffs' extensive advertising and promotion, the DeWalt products have become widely and favorably known and recognized in the trade and among purchasers and users of such products as originating with DeWalt and Plaintiffs.  The DeWalt name and identity have become indicative of high quality power tools for use in industrial, commercial, professional and do-it-yourself applications.  The non-functional color combination alone attracts customers and creates an immediate association with Plaintiffs' DeWalt product line and quality image.

41.     In 1998, Judge Cacheris of the United States District Court for the Eastern District of Virginia issued an extensive opinion finding that "Professional power tool users began to

associate yellow and black with DeWalt by March 1992…and Plaintiffs' aggressive marketing efforts certainly caused secondary meaning to arise by May of 1992." Black & Decker v. Pro-Tech, 26 F.Supp.2d 834, 851 (E.D. Va. 1998). As a consequence, Judge Cacheris held that Plaintiffs' DeWalt yellow and black colors enjoy "a level of consumer recognition that parallels the extent to which the public associates golden arches with the McDonald's Corporation." Id. The DeWalt yellow and black color scheme has achieved secondary meaning and is appropriately characterized as famous.

42. Long after Plaintiffs' adoption and use of the DeWalt yellow and black color scheme on the DeWalt tools, and long after Plaintiffs' federal registration of their trademarks on the DeWalt tools, Positec commenced manufacturing, distributing, advertising, selling and offering for sale yellow and black Rockwell® tool products, including without limitation the JawHorse™ workstation and RK7137 miter saw, and product packaging (see e.g., Exhibit A), bearing infringements of the DeWalt Trademarks (Defendant's "Infringing Goods").

43. Positec is manufacturing, distributing, advertising, selling and offering for sale its Infringing Goods into this judicial district and throughout the United States.

44. RW Direct is manufacturing, distributing, advertising, selling and offering for sale its Infringing Goods into this judicial district and throughout the United States.

45. Upon information and belief, the activities of Positec complained of herein constitute willful and intentional infringement of the DeWalt Trademarks. Positec's unauthorized use of its yellow and black products and packaging which duplicate or otherwise imitate the DeWalt Trademarks began years after the DeWalt yellow and black color scheme had become a famous trademark of Plaintiffs and Positec has continued its infringement despite having full notice and knowledge of Plaintiffs' prior rights. Positec's use of the DeWalt Trademarks is without Plaintiffs' consent, is likely to cause confusion and mistake in the minds of purchasers,

10

and creates the false impression that Positec and/or Positec's Infringing Goods are authorized, sponsored, or approved by Plaintiffs.

46.     Upon information and belief, the activities of RW Direct complained of herein constitute willful and intentional infringement of the DeWalt Trademarks. RW Direct's unauthorized use of its yellow and black products and packaging which duplicate or otherwise imitate the DeWalt Trademarks began years after the DeWalt yellow and black color scheme had become a famous trademark of Plaintiffs and RW Direct has continued its infringement despite having full notice and knowledge of Plaintiffs' prior rights.  RW Direct's use of the DeWalt Trademarks is without Plaintiffs' consent, is likely to cause confusion and mistake in the minds of purchasers, and creates the false impression that RW Direct and/or RW Direct's Infringing Goods are authorized, sponsored, or approved by Plaintiffs.

47.     The DeWalt Trademarks are fanciful and arbitrary and are associated in the mind of the public exclusively with Plaintiffs.

48.     Based on Plaintiffs' extensive advertising, sales, and the wide popularity of the DeWalt products, the DeWalt Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of, and affiliated with, Plaintiffs.

49.     Positec has copied and imitated the DeWalt Trademarks in connection with selling, distributing, and advertising Positec's Infringing Goods.

50.     RW Direct has copied and imitated the DeWalt Trademarks in connection with selling, distributing, and advertising RW Direct's Infringing Goods.

51.     Positec's activities set forth herein constitute use in commerce of the DeWalt Trademarks.

11

52. RW Direct's activities set forth herein constitute use in commerce of the DeWalt Trademarks.

53. Positec has used the DeWalt Trademarks without Plaintiffs' consent or authorization. Positec's use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public falsely to believe that Positec's Infringing Goods emanate or originate from Plaintiffs, or falsely to believe that Plaintiffs have approved, sponsored, or otherwise associated themselves with Positec.

54. RW Direct has used the DeWalt Trademarks without Plaintiffs' consent or authorization. RW Direct's use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public falsely to believe that RW Direct's Infringing Goods emanate or originate from Plaintiffs, or falsely to believe that Plaintiffs have approved, sponsored, or otherwise associated themselves with RW Direct.

55. Positec has intentionally used the DeWalt Trademarks in connection with its offering for sale, sale, and distribution of goods associated therewith knowing that such trademarks are Plaintiffs' exclusive property.

56. RW Direct has intentionally used the DeWalt Trademarks in connection with its offering for sale, sale, and distribution of goods associated therewith knowing that such trademarks are Plaintiffs' exclusive property.

57. Positec's conduct is intended to exploit the goodwill and reputation associated with the DeWalt Trademarks.

58. RW Direct's conduct is intended to exploit the goodwill and reputation associated with the DeWalt Trademarks.

59. Positec engages in the aforementioned activity with the intent to confuse and deceive consumers into believing that Positec, and the goods it sells, are in some way sponsored by, or affiliated with, or associated with Plaintiffs when Positec is not.

60. RW Direct engages in the aforementioned activity with the intent to confuse and deceive consumers into believing that RW Direct, and the goods it sells, are in some way sponsored by, or affiliated with, or associated with Plaintiffs when RW Direct is not.

61. Positec's unauthorized use of the DeWalt Trademarks as set forth herein has resulted in Positec unfairly benefiting from Plaintiffs' advertising and promotion, and profiting from Plaintiffs' reputation and their registered trademarks, to the substantial and irreparable injury of the public, Plaintiffs, the DeWalt Trademarks, and the substantial goodwill represented thereby.

62. RW Direct's unauthorized use of the DeWalt Trademarks as set forth herein has resulted in RW Direct unfairly benefiting from Plaintiffs' advertising and promotion, and profiting from Plaintiffs' reputation and their registered trademarks, to the substantial and irreparable injury of the public, Plaintiffs, the DeWalt Trademarks, and the substantial goodwill represented thereby.

63. Positec's aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

64. RW Direct's aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

65. Positec's acts have caused, and will continue to cause, great and irreparable injury to Plaintiffs, and unless such acts are restrained by this Court, Positec will continue such acts, thereby causing Plaintiffs to continue to suffer great and irreparable injury.

66.     RW Direct's acts have caused, and will continue to cause, great and irreparable injury to Plaintiffs, and unless such acts are restrained by this Court, RW Direct will continue such acts, thereby causing Plaintiffs to continue to suffer great and irreparable injury.

67.     Plaintiffs are informed and believe and thereupon allege that Positec's infringement is both intentional and egregious.

68.     Plaintiffs are informed and believe and thereupon allege that RW Direct's infringement is both intentional and egregious.

69.     Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Positec in an amount to be determined at trial.

70.     Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of RW Direct in an amount to be determined at trial.

## COUNT III
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

71.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

72.     This Court has jurisdiction over the subject matter of this claim, this being a claim of unfair competition and false designation of origin arising under section 43(i) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

73.     Positec is fully aware of the popularity of the entire DeWalt product line and the clear association of the DeWalt color combinations with that line of products.  Positec intentionally copied and offered in interstate commerce power tool products and packaging that create the same overall visual effect and appearance as the family of tools in Plaintiffs' DeWalt line.  Positec's Infringing Goods were designed to have the same distinctive overall appearance and look as the DeWalt products and are confusingly similar in total image, appearance, and overall aesthetic look.  As a result, the public is, and is likely to be, confused.

74.     RW Direct is fully aware of the popularity of the entire DeWalt product line and the clear association of the DeWalt color combinations with that line of products. RW Direct intentionally copied and offered in interstate commerce power tool products and packaging that create the same overall visual effect and appearance as the family of tools in Plaintiffs' DeWalt line. RW Direct's Infringing Goods were designed to have the same distinctive overall appearance and look as the DeWalt products and are confusingly similar in total image, appearance, and overall aesthetic look. As a result, the public is, and is likely to be, confused.

75.     Positec has used in commerce, and continues to use in commerce, the DeWalt Trademarks to unfairly benefit from Plaintiffs' success by selling the same products bearing the same yellow and black colors in this jurisdiction.

76.     Positec could have selected alternative colors.

77.     RW Direct has used in commerce, and continues to use in commerce, the DeWalt Trademarks to unfairly benefit from Plaintiffs' success by selling the same products bearing the same yellow and black colors in this jurisdiction.

78.     RW Direct could have selected alternative colors.

79.     Positec has sold products using yellow and black packaging.

80.     Positec has used Plaintiffs' trademarked yellow and black colors on its infringing goods with the express intent to pass off Positec's Infringing Goods as those of Plaintiffs and to cause confusion and mistake, and to deceive and mislead the purchasing public into believing that Positec's products and/or Positec are authorized, sponsored, affiliated with, or associated with Plaintiffs, and to trade upon Plaintiffs' reputation for high-quality and to improperly appropriate to themselves Plaintiffs' valuable trademark rights.

81.     RW Direct has sold products using yellow and black packaging.

15

82.     RW Direct has used Plaintiffs' trademarked yellow and black colors on its infringing goods with the express intent to pass off RW Direct's Infringing Goods as those of Plaintiffs and to cause confusion and mistake, and to deceive and mislead the purchasing public into believing that RW Direct's products and/or RW Direct are authorized, sponsored, affiliated with, or associated with Plaintiffs, and to trade upon Plaintiffs' reputation for high-quality and to improperly appropriate to themselves Plaintiffs' valuable trademark rights.

83.     Sales of infringing yellow and black power tool products by Positec are likely to cause consumer confusion because of the similarity in color, appearance and look between Positec's and Plaintiffs' products. Consumers will believe that Positec's products are either manufactured, licensed, affiliated with or sponsored by Plaintiffs or are being placed on the market with Plaintiffs' consent and/or actual or implied authority. As a result, Plaintiffs have been and will continue to be irreparably injured by Positec's improper acts.

84.     Sales of infringing yellow and black power tool products by RW Direct are likely to cause consumer confusion because of the similarity in color, appearance and look between RW Direct's and Plaintiffs' products. Consumers will believe that RW Direct's products are either manufactured, licensed, affiliated with or sponsored by Plaintiffs or are being placed on the market with Plaintiffs' consent and/or actual or implied authority. As a result, Plaintiffs have been and will continue to be irreparably injured by RW Direct's improper acts.

85.     Positec has willfully, deliberately, and with predatory intent, created such confusion by copying and reproducing the distinctive and unique yellow and black color combinations and overall product appearance of Plaintiffs' DeWalt tools; and has advertised and sold, and threaten to advertise and sell, its products so as to cause public confusion and deception. Further, Positec's sales and offers for sale of their products have caused and threaten to cause Plaintiffs the loss of their valuable goodwill and reputations for making and selling

16

distinctive, unique and high-quality power tool products under the DeWalt name and color combinations.

86.     RW Direct has willfully, deliberately, and with predatory intent, created such confusion by copying and reproducing the distinctive and unique yellow and black color combinations and overall product appearance of Plaintiffs' DeWalt tools; and has advertised and sold, and threaten to advertise and sell, its products so as to cause public confusion and deception.  Further, RW Direct's sales and offers for sale of their products have caused and threaten to cause Plaintiffs the loss of their valuable goodwill and reputations for making and selling distinctive, unique and high-quality power tool products under the DeWalt name and color combinations.

87.     Positec's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Positec's products as those of Plaintiffs in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

88.     RW Direct's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent RW Direct's products as those of Plaintiffs in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

89.     Positec's wrongful acts will continue unless enjoined by this Court.

90.     RW Direct's wrongful acts will continue unless enjoined by this Court.

91.     Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Positec and RW Direct in an amount to be determined at trial.

## COUNT IV
## FEDERAL TRADE DRESS INFRINGEMENT

92.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

93.     This Court has jurisdiction over the subject matter of this claim, this being a claim of trade dress infringement arising under section 43(ii) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

94.     This claim is for trade dress infringement of the non-descriptive, non-functional aspects of Plaintiffs' selection, design, and marketing efforts for their DeWalt line of power tools.

95.     Plaintiffs have expended considerable time, effort and resources to design and develop unique and inherently distinctive colors and appearances for their entire family of DeWalt power tool products. The yellow and black color scheme has been featured prominently in Plaintiffs' in-store, on-site and other advertisements and promotions for their DeWalt line. This unique trade dress has become associated with the success of Plaintiffs' DeWalt products and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public. As a result, this non-descriptive, non-functional trade dress is a valuable, irreplaceable asset of Plaintiffs' business.

96.     Positec's selection and use of substantially similar colors, graphics, looks and appearances for its power tool products and packaging is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of Positec's Infringing Goods. Because of the nearly-identical look of Positec's Infringing Goods to Plaintiffs' non-descriptive, non-functional trade dress associated with Plaintiffs' DeWalt products, the public is likely to believe that Positec's products are in some way affiliated or associated with, or sponsored by, Plaintiffs.

97.     RW Direct's selection and use of substantially similar colors, graphics, looks and appearances for its power tool products and packaging is likely to mislead and confuse the public

as to the source, sponsorship and/or affiliation of RW Direct's Infringing Goods. Because of the nearly-identical look of RW Direct's Infringing Goods to Plaintiffs' non-descriptive, non-functional trade dress associated with Plaintiffs' DeWalt products, the public is likely to believe that RW Direct's products are in some way affiliated or associated with, or sponsored by, Plaintiffs.

98.     Positec's actions have been and are willful and deliberate.

99.     RW Direct's actions have been and are willful and deliberate.

100.    Postiec's wrongful acts will continue unless enjoined by this Court.

101.    RW Direct's wrongful acts will continue unless enjoined by this Court.

102.    Plaintiffs have suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Positec and RW Direct's infringement of Plaintiffs' DeWalt trade dress, in an amount to be determined at trial.

## COUNT V
## FEDERAL TRADEMARK DILUTION

103.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

104.    This Court has jurisdiction over the subject matter of this claim, this being a claim of trademark dilution arising under section 43(iii) of the Lanham Act, codified in 15 U.S.C. § 1125(c).

105.    Positec's use of the DeWalt Trademarks on its Infringing Goods constitutes Positec's commercial use in commerce of the DeWalt Trademarks.

106.    RW Direct's use of the DeWalt Trademarks on its Infringing Goods constitutes RW Direct's commercial use in commerce of the DeWalt Trademarks.

107.    Based on Plaintiffs' extensive sales, marketing and advertising of the DeWalt tools and the DeWalt Trademarks, Plaintiffs' yellow and black color scheme has become distinctive and famous pursuant to 15 U.S.C. § 1125(c).

108.    The nearly identical style, look, and overall visual appearance of Positec's power tools, as well as Positec's efforts to pass of their products as being made, marketed, sponsored, licensed or otherwise approved by Plaintiffs, are eroding the distinctiveness of the famous yellow and black DeWalt Trademarks.

109.    The nearly identical style, look, and overall visual appearance of RW Direct's power tools, as well as RW Direct's efforts to pass of their products as being made, marketed, sponsored, licensed or otherwise approved by Plaintiffs, are eroding the distinctiveness of the famous yellow and black DeWalt Trademarks.

110.    Positec's use of Plaintiffs' DeWalt Trademarks began only after such marks became famous.

111.    RW Direct's use of Plaintiffs' DeWalt Trademarks began only after such marks became famous.

112.    Positec's actions have caused dilution of Plaintiffs' DeWalt Trademarks by lessening the capacity of the marks to identify and distinguish Plaintiffs' DeWalt products.

113.    RW Direct's actions have caused dilution of Plaintiffs' DeWalt Trademarks by lessening the capacity of the marks to identify and distinguish Plaintiffs' DeWalt products.

114.    Plaintiffs are threatened with injury through this dilution of their trademark rights, as well as immediate and direct injury to their name, image and business reputations.

115.    Positec has willfully intended to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' famous marks.

116.     RW Direct has willfully intended to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' famous marks.

117.     Plaintiffs have no adequate remedy at law.  The conduct of Positec and RW Direct has caused, and if not enjoined will continue to cause, Plaintiffs irreparable harm and damage their trademarks and to Plaintiffs' businesses, reputations, and goodwill.

## COUNT VI
### STATE COMMON LAW TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION

118.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

119.     This claim arises under the common law of this State relating to trademark infringement and unfair competition.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

120.     Plaintiffs are the owners of all right, title, and interest in and to the DeWalt Trademarks, trade names, designs, symbols, and logos used by Plaintiffs by virtue of their extensive manufacture and sale of products bearing such trade names, trademarks, designs, symbols, and logos (collectively, Plaintiffs' "common law trademarks") as set forth in the preceding paragraphs of this Complaint.  In particular, because of their enormous sales and publicity, Plaintiffs' have acquired common law trademark rights in and to their yellow and black color scheme for their DeWalt power tool products.

121.     The infringing products imported, advertised, distributed, offered for sale and sold by Positec incorporate matter constituting replicas and imitations of Plaintiffs' common law trademarks.  Such unauthorized use by Positec of Plaintiffs' common law trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in

the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiffs when, in fact, they are not.

122.    The infringing products imported, advertised, distributed, offered for sale and sold by RW Direct incorporate matter constituting replicas and imitations of Plaintiffs' common law trademarks.    Such unauthorized use by RW Direct of Plaintiffs' common law trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiffs when, in fact, they are not.

123.    Upon information and belief, Positec has willfully and intentionally misappropriated one or more of Plaintiffs' common law trademarks with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off its goods as those of Plaintiffs and to place others in the position to palm off its goods as those of Plaintiffs, and as such, Positec has committed trademark infringement and unfair competition under the common law.

124.    Upon information and belief, RW Direct has willfully and intentionally misappropriated one or more of Plaintiffs' common law trademarks with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off its goods as those of Plaintiffs and to place others in the position to palm off its goods as those of Plaintiffs, and as such, RW Direct has committed trademark infringement and unfair competition under the common law.

125.    By such actions in infringing Plaintiffs' common law trademarks, Positec is improperly trading upon the enviable reputation and goodwill of Plaintiffs and impairing Plaintiffs' valuable rights in and to such trademarks.

126.    By such actions in infringing Plaintiffs' common law trademarks, RW Direct is improperly trading upon the enviable reputation and goodwill of Plaintiffs and impairing Plaintiffs' valuable rights in and to such trademarks.

127.    Plaintiffs are informed and believe and thereupon allege that Positec committed the above alleged acts in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of Illinois.

128.    Plaintiffs are informed and believe and thereupon allege that RW Direct committed the above alleged acts in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of Illinois.

129.    Plaintiffs have no adequate remedy at law.  The conduct of Positec and RW Direct has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiffs' rights in and to their trademarks, and to Plaintiffs' businesses, reputations, and goodwill.

**PRAYER FOR RELIEF**
**COUNTS II-VI**

WHEREFORE, Plaintiffs demand judgment against the Defendants Positec and RW Direct as follows:

A.    That the Court order that each Defendant, its officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Positec and RW Direct, be immediately and permanently enjoined from:

(1)     directly or indirectly infringing Plaintiffs' trademarks as described above in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise that infringes Plaintiffs' trademarks including without limitation Positec and RW Direct's Infringing Goods, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of the DeWalt Trademarks and/or the DeWalt tools or any other unauthorized goods that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of Plaintiffs' trademarks;

(2)     using the DeWalt Trademarks and trade dress rights or marks confusingly similar thereto;

(3)     using the color combination yellow and black on power tools and power tool accessories;

(4)     advertising (over the Internet, through catalogs, or otherwise), selling, importing, exporting, using, accepting orders for or offering to sell products in conjunction with, or under, the yellow and black colors and appearance;

(5)     engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Positec and RW Direct's customers, and/or members of the public to believe that, the actions of Positec and RW Direct, the products sold by Positec and RW Direct, or Positec and RW Direct itself is connected with Plaintiffs, is sponsored, approved, or licensed by Plaintiffs, or is in some way connected or affiliated with Plaintiffs;

(6)     causing further confusion with and injury to Plaintiffs' reputation, business and DeWalt Trademarks, and common law trademarks, including Plaintiffs' colors, symbols, labels or other forms of advertisement and trademarks;

(7)     otherwise competing unfairly with Plaintiffs in any manner;

(8)     diluting and infringing the DeWalt Trademarks and damaging Plaintiffs' goodwill, reputations, and businesses.

B.     That Plaintiffs be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Positec and RW Direct's unlawful acts, including Plaintiffs' loss of goodwill, loss of past and/or future sales, and damages caused by Positec and RW Direct 's acts of trademark and trade dress infringement, common law trademark infringement, unfair competition, and trademark dilution, as well as for State common law trademark infringement, trademark dilution and unfair competition.  That Plaintiffs be awarded increased damages based upon the intentional and willful nature of Positec and RW Direct's conduct of the kind complained of herein.  That Plaintiffs be awarded all profits received by Positec and RW Direct from the sale of products identified or advertised through the use of identical or confusingly similar designations and colors.

C.     That the Court issue an order requiring Positec and RW Direct to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of each Defendant's infringement of the DeWalt Trademarks and unfair competition and to account for all gains, profits, and advantages derived by Positec and RW Direct from the sale of its infringing merchandise bearing the DeWalt Trademarks and that the award

25

to Plaintiffs be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $1,000,000 for each trademark that Positec and RW Direct has willfully counterfeited and infringed.

D.    That the Court issue an order that Plaintiffs recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

E.    That Plaintiffs be awarded punitive damages for Positec and RW Direct's willful and malicious acts of common law unfair competition.

F.    That Positec and RW Direct be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its possession, custody or control bearing the DeWalt Trademarks or any other similar designations.

G.    That Positec and RW Direct be ordered to (a) prepare and send to its customers and the general public corrective statements approved by Plaintiffs, correcting all false statements made and all misrepresentations made concerning the DeWalt Trademarks; (b) to disclaim any association between Positec and RW Direct and Plaintiffs and/or Plaintiffs' products; and, (c) to recall and make reasonable efforts to obtain the return of any infringing or confusingly similar products from its customers.

H.    That judgment be entered in favor of Plaintiffs and against Positec and RW Direct on each claim made in the Complaint.

I.    That the Court provide Plaintiffs with such other and further relief as it deems just and proper, or that Plaintiffs may be entitled to under the law.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Amended Complaint.

Respectfully submitted,

_____/s/ Raymond P. Niro, Jr._____
Raymond P. Niro, Jr.
Frederick C. Laney
Joseph A. Culig
Oliver D. Yang
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiroJr@nshn.com; Laney@nshn.com;
JCulig@nshn.com; OYang@nshn.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2012 the foregoing AMENDED COMPLAINT was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

J. Aron Carnahan
HUSCH BLACKWELL LLP
120 S. Riverside Plaza, 22nd Fl.
Chicago, IL 60606
aron.carnahan@huschblackwell.com

Henry S. Alford
Scot A. Duvall
Robert J. Theuerkauf
MIDDLETON REUTLINGER
401 S. Fourth Street
2500 Brown & Williamson Tower
Louisville, KY 40202
halford@middreut.com
sduvall@middreut.com
rtheuerkauf@middreut.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Raymond P. Niro, Jr.

Attorneys for Plaintiffs
NIRO, HALLER & NIRO