IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | Case No. 1:11-cv-05426 |
| Plaintiffs, | Judge Robert M. Dow, Jr. Magistrate-Judge Geraldine Soat Brown |
| v. | |
| POSITEC USA INC. and RW DIRECT, INC. | |
| Defendants. | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION NOS. 1-90**

Plaintiffs, The Black & Decker Corporation, Black & Decker Inc. and Black & Decker (U.S.) Inc. hereby object and respond to the Requests for Admission Nos. 1-90 propounded by Defendants Positec USA Inc. and RW Direct, Inc. on September 17, 2013 as follows.

## GENERAL OBJECTIONS

1. To the extent Defendants' definitions and instructions are inconsistent with the appropriate Federal Rules of Civil Procedure, such as Fed.R.Civ.P. 26 and 36, Plaintiffs will rely upon the Federal Rules of Civil Procedure, the Local Rules, the Court's Orders and Rules, and governing case law with respect to the subject definitions, instructions, and responses.

2. Plaintiffs object to each request for admission to the extent it requests information protected from discovery by the attorney-client privilege, work product immunity, or any other applicable privileges or immunities.

3. Plaintiffs object to Defendants' requests for admission to the extent they do not include only one specific statement that can be admitted or denied.

4.　　Plaintiffs object to the words and phrases used in Defendants' requests for admission to the extent that they are vague, ambiguous, and reasonably subject to more than one interpretation.

5.　　Plaintiffs object to Defendants' requests for admission to the extent they are compound and/or contain interdependent, compound issues.

6.　　Plaintiffs object to Defendants' requests for admission to the extent they call for speculation.

7.　　Plaintiffs object to Defendants' requests for admission to the extent they are not relevant to any claim or defense in this litigation.

8.　　Plaintiffs objects to each request for admission that seeks a legal conclusion, even if the conclusion is attached to operative facts.

9.　　Plaintiffs object to each request admission that seeks a conclusion as to ultimate issues in the case, such as patent infringement or trademark infringement

To the extent that specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific requests and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the request.  Plaintiffs have endeavored to answer the requests to the best of their ability, based upon the current state of discovery.  Plaintiffs reserve the right to change, modify or supplement their answers.

## <u>REQUESTS FOR ADMISSION</u>

1.      Admit that the Accused Blower-Vac Products do not have a "structure that fits around the fan and allows air to enter and exit and that is non-permanently attachable to the housing." (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request on the grounds that it calls for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Blower-Vac Products. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

2.      Admit that the Accused Blower-Vac Products do not have ''at least one pivot lever'' for "activating the switch only when the attachment member is attached to the housing ... (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request on the grounds that it calls for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Blower-Vac Products. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

3.      Admit that the Accused Blower-Vac Products do not have "at least one pivot lever and a biasing device" for "activating the switch only when the attachment member is attached to the housing." (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request on the grounds that it calls for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Blower-Vac Products. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

4.      Admit that the Accused Blower-Vac Products do not have "a pivot lever and biasing device'' (Markman Order and Opinion, dated September 10, 2013) that is responsive to an actuating member to activate the switch.

**<u>Response:</u>**

Plaintiffs object to this Request on the grounds that it calls for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Blower-Vac Products. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

5.      Admit that the Accused Blower-Vac Products do not have "a structure that fits around the fan and allows air to enter and exit and that is non-permanently attachable to the housing" (Markman Order and Opinion, dated September 10, 20 13) that is a blower involute when the blower vacuum is in blower mode and a vacuum involute when the blower vacuum is in suction mode.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Blower-Vac Products. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

6.      Admit that the Accused Edger Products do not have a "rigid, elongated member connected to the edge guide to move the edge guide." (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

7.     Admit that the Accused Edger Products do not have "a hole or gap in the blade guard." (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

8.     Admit that the Accused Edger Products do not have a "rigid, elongated member connected to the edge guide to move the edge guide" and extending through "a hole or gap in the blade guard." (Markman Order and Opinion, dated September J 0, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

9.     Admit that the Accused Edger Products is not "a device that includes at least two handles." (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

10.     Admit that the Accused Edger Products do not have a confronting portion being defined by a radius that increases in the rotational direction from a first radius at a leading end of the confronting portion to a second, larger radius at a trailing end of the confronting portion.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

11.     Admit that the Accused Edger Products do not have a confronting portion having "the radius increasing smoothly from the furthest forward end of the confronting portion to the furthest rearward end of the confronting portion." (Markman Order and Opinion, dated September 10, 2013).

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

12.     Admit that the Accused Edger Products do not have "a portion extending from the trailing end to the bottom edge of the housing'' (Markman Order and Opinion dated September 10, 2013) that is disposed generally tangent the radius at the trailing end.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that

will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

13. Admit that the Accused Edger Products do not have a radius that increases in the rotational direction from a first radius at a leading end of the confronting portion to a second, larger radius at a trailing end of the confronting portion that has a center point that is disposed along the rotary axis.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

14. Admit that the Accused Edger Products do not have a "projection or projections, that when engaged with another projection, or projections, form a labyrinth seal." (Markman Order and Opinion, dated September 10, 2013).

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

///

///

15.     Admit that the Accused Edger Products do not have "a tortuous engagement that inhibits dust and debris from exiting the housing assembly." (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

16.     Admit that the Accused Edger Products do not have a "tab or projection that is capable of being turned on an axis." (Markman Order and Opinion, dated September 10, 2013).

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

17.     Admit that the Accused Edger Products do not have a latch being configured to automatically rotate the "tab or projection that is capable of being turned on an axis'' (Markman Order and Opinion, dated September 10, 2013) when the door is pivoted from the open position into the closed position.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that

will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

18.     Admit that the Accused Edger Products do not have a spring for biasing a "tab or projection that is capable of being turned on an axis" toward "the position of the latch member when the door is in the open position." (Markman Order and Opinion, dated September 10, 2013).

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

19.     Admit that the Accused Edger Products do not have "structure that receives a latch member" (Markman Order and Opinion, dated September 10, 2013) that includes a ramp portion and a latch aperture, the ramp portion tapering downwardly toward the latch aperture.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

///

///

20.    Admit that the Accused Edger Products do not have a ramp portion tapering downwardly toward a latch aperture.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

21. Admit that the Accused Edger Products do not have ramp portion configured to contact the "tab or projection that is capable of being turned on an axis" (Markman Order and Opinion, dated September 10. 2013) when the door is rotated toward the housing and rotate the "tab or projection that is capable of being turned on an axis" (Markman Order and Opinion, dated September 10, 2013) in a direction opposite the biasing direction so that the latch member is aligned with the latch aperture.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

22.    Admit that the Accused Edger Products do not have a combination torsion and tension spring.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion directed to applying claim limitations from a patent-in-suit to the Accused Edger Products.  Plaintiffs further object to this Request as it seeks an admission that will be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

23.     Admit that the earliest date that Defendant could have had either actual or constructive notice of the '954 Patent is May 24, 2011.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "actual or constructive notice." Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs admit this request.

24.     Admit that the earliest date that Defendant could have had either actual or constructive notice of the '090 Patent is May 24, 2011.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "actual or constructive notice." Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs admit this request.

25.     Admit that the earliest date that Defendant could have had either actual or constructive notice of the '975 Patent is May 24, 2011.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "actual or constructive notice." Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs deny this request.

26.     Admit that the earliest date that Defendant could have had either actual or constructive notice of the '376 Patent is May 24, 2011.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "actual or constructive notice." Plaintiffs further object to this Request because it is compound

and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs deny this request.

27.     Admit that You have not continually marked edger model LE750 with the '975 Patent number from 2006 to present.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "continually marked." Subject to and limited by their objections, Plaintiffs admit this request.

28.     Admit that You have not continually marked edger model LE750 with the '376 Patent number from 2006 to present.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "continually marked." Subject to and limited by their objections, Plaintiffs admit this request.

29.     Admit that the present embodiment of edger model LE750 is not marked with the '975 Patent number.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "marked." Plaintiffs further object to this Request as vague and ambiguous as it seeks an admission regarding a "present embodiment." Subject to and limited by their objections, Plaintiffs admit this request.

30.     Admit that the present embodiment of edger model LE750 is not marked with the '376 Patent number.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "marked." Plaintiffs further object to this Request as vague and ambiguous as it seeks an admission regarding a "present embodiment." Subject to and limited by their objections, Plaintiffs admit this request.

31.     Admit that You have not marked any embodiment of blower-vac model BV2500 with the '954 Patent number.

**Response:**

Plaintiffs object to this Request as calling for a legal conclusion as to what constitutes "marked." Subject to and limited by their objections, Plaintiffs admit this request.

32.     Admit that You do not know of any instances of actual consumer or purchaser confusion as such may relate to Count II of Plaintiff's Amended Complaint.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement. Plaintiffs object to this Request as vague and ambiguous in seeking an admission as to something that "may relate to" a Count of Plaintiffs' Amended Complaint. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs deny this request.

33.     Admit that You do not know of any instances of actual consumer or purchaser confusion as such may relate to Count III of Plaintiff's Amended Complaint.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement. Plaintiffs object to this Request as vague and ambiguous in seeking an admission as to something that "may relate to" a Count of Plaintiffs' Amended Complaint. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs deny this request.

34.     Admit that You do not know of any instances of actual consumer or purchaser confusion as such may relate to Count IV of Plaintiff's Amended Complaint.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement.  Plaintiffs object to this Request as vague and ambiguous in seeking an admission as to something that "may relate to" a Count of Plaintiffs' Amended Complaint. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Subject to and limited by their objections, Plaintiffs deny this request.

35.     Admit that You do not know of any instances of actual consumer or purchaser confusion as such may relate to Count V of Plaintiff's Amended Complaint.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement.  Plaintiffs object to this Request as vague and ambiguous in seeking an admission as to something that "may relate to" a Count of Plaintiffs' Amended Complaint. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Subject to and limited by their objections, Plaintiffs deny this request.

36.     Admit that You do not know of any instances of actual consumer or purchaser confusion as such may relate to Count VI of Plaintiff's Amended Complaint.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement.  Plaintiffs object to this Request as vague and ambiguous in seeking an admission as to something that "may relate to" a Count of Plaintiffs' Amended Complaint.

Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs deny this request.

37. Admit that You do not know of any instances where a Person or Entity purchased a Rockwell brand product believing it to be a DeWalt brand product.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs deny this request.

38. Admit that You do not know of any instances in which You have lost a sale because a Person or Entity purchased a Rockwell brand product believing it to be a DeWalt brand product.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Subject to and limited by their objections, Plaintiffs deny this request.

39. Admit that You do not know of any instances wherein a Person or Entity believed a Rockwell brand product emanated or originated from Plaintiffs.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion with respect to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further

object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

40.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 1,734,403.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.

41.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 1,734,404.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.

42.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,347,976.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

43.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,347,981.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

44.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,347,982.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

45.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,347,983.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

///

- 17 -

46.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,049.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

47.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,050.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

48.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,051.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

49.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,052.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

50.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,070.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

51.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,072.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement. Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation. Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

52.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,073.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

53.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,348,074.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

54.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,437,867.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

55.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,316.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.    Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.    Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

56.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,318.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.    Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.    Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

57.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,319.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.    Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.    Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

58.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,320.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

59.     Admit that the Rockwell brand products and/ or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,321.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

60.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,322.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

61.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,323.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

62.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,327.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

63.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,447,328.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

64.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,474,794.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.   Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

65.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,737,010.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.   Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

66.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,742,278.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.   Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

67.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,770,444.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

68.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,831,672.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

69.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,901,234.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

70.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,902,806.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

71.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,909,314.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

72.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 2,999,545.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

///

73.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,649.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

74.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,650.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

75.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,651.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

76.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,652.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

77.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,653.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

78.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,654.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.   Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

79.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,656.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

80.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,663.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

81.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,666.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

82.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,671.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

83.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,672.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

84.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,064,673.

**Response:**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

///

85.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,066,990.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

86.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,066,991.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

87.     Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,066,999.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.  Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.  Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony.  Subject to and limited by their objections, Plaintiffs deny this request.

///

88.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,067,004.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.    Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.    Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

89.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,657,971.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.    Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.    Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

90.    Admit that the Rockwell brand products and/or packagings that Plaintiff is accusing of infringement in this lawsuit do not infringe U.S. Trademark Registration 3,727,526.

**<u>Response:</u>**

Plaintiffs object to this Request as calling for an ultimate legal conclusion as to trademark infringement.    Plaintiffs further object to this Request because it is compound and not sufficiently phrased to allow an admission or a denial without explanation.    Plaintiffs further object to this Request as it seeks an admission that may be addressed by expert testimony. Subject to and limited by their objections, Plaintiffs deny this request.

As to the objections,

/s/ *Joseph A. Culig*
Raymond P. Niro, Jr.
Frederick C. Laney
Joseph A. Culig
Oliver D. Yang
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiroJr@nshn.com; Laney@nshn.com;
JCulig@nshn.com; OYang@nshn.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2013 the foregoing

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION NOS. 1-90**

was served upon the following counsel of record via electronic transmission.

| | |
|---|---|
| J. Aron Carnahan | Henry S. Alford |
| HUSCH BLACKWELL LLP | Scot A. Duvall |
| 120 S. Riverside Plaza, 22nd Fl. | Robert J. Theuerkauf |
| Chicago, IL 60606 | MIDDLETON REUTLINGER |
| aron.carnahan@huschblackwell.com | 401 S. Fourth Street |
| | 2500 Brown & Williamson Tower |
| | Louisville, KY 40202 |
| | halford@middreut.com |
| | sduvall@middreut.com |
| | rtheuerkauf@middreut.com |

/s/ *Joseph A. Culig*
Attorneys for Plaintiffs
NIRO, HALLER & NIRO