IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | Case No. 1:11-cv-05426 |
| Plaintiffs, | Judge Robert M. Dow, Jr. |
| v. | Magistrate – Judge Geraldine Soat Brown |
| POSITEC USA INC. and RW DIRECT, INC., | |
| Defendants. | ORAL ARGUMENT REQUESTED |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND
AND MEMORANDUM IN SUPPORT THEREOF**

**MOTION**

Defendants, Positec USA Inc. and RW Direct, Inc. (collectively "Positec"), by counsel, hereby move, pursuant to Federal Rule of Civil Procedure 39(a), move to strike the jury demand of Plaintiffs Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc. (collectively "B&D"), on the grounds that the remaining relief sought by B&D in this litigation is purely equitable in nature, and as a result, B&D has no right to a jury trial under the Seventh Amendment.

**INTRODUCTION**

Positec moves to strike B&D's jury demand related to the surviving claims for trade dress infringement (and related unfair competition claims). In the various Complaints, B&D alleged several Lanham Act and related common law violations, and requested an award of both legal and equitable relief in connection with those claims. B&D further demanded a jury trial in connection with these claims. B&D failed to produce any evidence or even articulate a legal theory supporting their claim to be entitled to actual damages under these claims. Indeed, B&D's sole basis for monetary relief is the claim that B&D is entitled to a disgorgement of Positec's profits – and such relief is purely equitable in nature. Because B&D's disgorgement of profits remedy, as well as all other remaining remedies sought by B&D, are equitable in nature, B&D is not entitled to a jury trial on that claim.

**STATEMENT OF RELEVANT FACTS**

The facts of this case have been set out in detail in various motions and responses filed by the parties – including, primarily, Positec's Statement of Undisputed Material Facts in Support of the Motion for Partial Summary Judgment (*see* Docket Entry ("D.E.") 66). Nonetheless, several

facts provide the appropriate background for (or are particularly relevant to) the present Motion and are, therefore, set forth below.

On August 10, 2011, B&D filed a Complaint against Positec in this action alleging, *inter alia*, trade dress infringement, unfair competition and false designation of origin, federal trade dress infringement, federal trade dress dilution, and state common law trademark infringement and unfair competition. *See* D.E. 1. B&D submitted an Amended Complaint on August 9, 2012. *See* D.E. 50. The Amended Complaint did not materially alter the allegations related to B&D's trade dress claims. Through its various Complaints, B&D seeks remedies for Positec's alleged acts of trademark (trade dress) infringement, unfair competition, false designation of origin, and common law trademark infringement and unfair competition in the form of injunctive relief and monetary damages. *See* Counts II, III, IV and VI of D.E. 50. B&D seeks a jury trial on these claims. *See* D.E. 1, and D.E. 50.

As to the issue of monetary relief, in their prayer for relief, B&D seeks damages on the above referenced claims in an amount sufficient to compensate it for injuries including loss of past and/or future sales, and any other damages caused by Positec. *See* D.E. 50. B&D further seeks to be awarded all profits received by Positec from the sale of products advertised through the alleged infringing trade dress and that Positec be ordered to pay those sums and to account for all gains, profits, and advantages derived by Positec. *See* D.E. 50. B&D also seeks treble damages, recovery of its costs (including attorneys' fees) and punitive damages. *Id*.

To support its damages claim, B&D submitted the expert report of Mr. Joseph Gemini pursuant to Fed. R. Civ. Pro. 26(a)(2)(B).[1] As to B&D's entitlement to monetary relief for the

---

[1] Cited portions of Mr. Gemini's expert report on damages are attached hereto as collective **Exhibit 1**, and incorporated by reference herein.

claims asserted in Counts II, III, IV and VI of the Amended Complaint (i.e. the trade dress-related claims), Mr. Gemini only presents evidence and testimony related to B&D's ability to seek a disgorgement of the profits made by Positec from the sale of products advertised under the alleged infringing trade dress. *See* Gemini Report, p. 32 ("My analysis, at this time, assesses damages based on Defendants' profits as related to these claims."). B&D has presented no evidence or testimony as to the right or ability of it to recover any actual damages, but it has rather claimed it is entitled to an equitable disgorgement of Positec's profits.[2] B&D has not set forth any computation of actual damages through its Rule 26 disclosures and/or its responses to various discovery requests served upon it during discovery. Discovery in this case closed in October, 2013. Thus, because there is no evidence of actual damages in the case, there is no entitlement to a jury trial under the Seventh Amendment.

## ARGUMENT

**I.  THE RIGHT TO A JURY TRIAL IS LIMITED TO RELIEF THAT IS LEGAL IN NATURE.**

Under the Supreme Court's Seventh Amendment jurisprudence, the right to a jury trial depends upon whether the relief sought is equitable or legal. *Tull v. United States*, 481 U.S. 412, 417 (1987); *Chauffers, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). Only where the relief that can be awarded to the plaintiff is legal in nature is the right to a jury trial recognized. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). Where (as in this

---

[2]  On March 19, 2014, Positec moved for partial summary judgment, including summary judgment on any claim B&D might assert for actual damages based on its claims for trademark infringement, etc. *See* generally, D.E. 65 (and the supporting memorandum of law). The Court denied Defendants' Motion with respect to the actual damages issue in a Memorandum Opinion and Order dated March 31, 2015. *See* D.E. 93. The Court reasoned that there was a genuine issue of material fact as to whether B&D was entitled to recover actual damages. *Id.* However, the issue as addressed in Positec's Motion for Summary Judgment can be distinguished from that of the present motion since B&D has presented no evidence as to its right or ability to economic recovery other than disgorgement of Positec's profits.

case) **the relief sought is equitable, no right to a jury trial exists**. *Tull*, 481 U.S. at 417 (emphasis added); J. Thomas McCarthy, 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 32.123 (4th ed.) ("If the remedy requested is 100 percent equitable, there is equally no doubt that no party has the right to a jury trial and the judge decides both facts and law."). In this regard, "the right to trial by jury is determined by the issues, not by the pleadings." *Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1158 (5th Cir. 1982) (emphasis added).

### II. B&D ONLY PRESENTS EVIDENCE THAT IT IS ENTITLED TO DISGORGEMENT OF POSITEC'S PROFITS AND SUCH CLAIM IS EQUITABLE IN NATURE.

Here, B&D originally sought relief on its Lanham Act (and related) counts in the form of actual damages, a disgorgement of Positec's profits, the costs of the action, attorneys' fees, and injunctive relief. As the case has progressed and discovery has closed, B&D has limited its claims for monetary relief to disgorgement of Positec's profits. As explained below, the remaining Lanham Act-related claims against Positec are now purely equitable in nature, thus depriving B&D any right to a jury trial under the Seventh Amendment.

A litany of case law establishes that B&D's demand for a disgorgement of Positec's profits is equitable in nature. *See e.g.*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 448 (1998) (distinguishing actions for statutory damages from "those actions for monetary relief that we have characterized as equitable, such as disgorgement of improper profits"); *SEC v. Lipson*, 278 F.3d 656, 663 (7th Cir. 2002) ("the disgorgement of the insider's ill-gotten gain (or averted loss, which is the economic equivalent of profit) is indeed equitable in character); *Roberts v. Sears, Roebuck & Co.*, 617 F.2d 460 (7th Cir. 1980) ("Restitution for the disgorgement of unjust enrichment is an equitable remedy with no right to a trial by jury."); *B. Sanfield, Inc. v. Finlay fine Jewelry Corp.*, 76 F. Supp. 2d 868, 873 (N.D. Ill. 1999)

("disgorgement is an equitable remedy based upon the theory of unjust enrichment."); *SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993) ("[T]he fact that disgorgement involves a claim for money does not detract from its equitable nature: in such an action, the court is not awarding damages to which plaintiff is legally entitled but is exercising the chancellor's discretion to prevent unjust enrichment."); and *SEC v. Nappy*, Case No. 93-C-3446, 1993 U.S. Dist. LEXIS 15043, *4-5 (N.D. Ill. Oct. 22, 1993) ("even though disgorgement involves money, it is an inherently equitable remedy").

In the context of Lanham Act claims, it is similarly well established that where (as here) the sole basis of monetary relief is sought through a disgorgement of profits, there is simply no constitutional right to a jury trial. *See SPSS Inc. v. Nie*, Case No. 08-C-66, 2009 U.S. Dist. LEXIS 73863, *7 (N.D. Ill. Aug. 19, 2009) (a party claiming disgorgement of profits through unjust enrichment in a Lanham Act case is not entitled to a jury trial); *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 206 (S.D.N.Y. 2000) (striking jury demand where no loss of sales occurred due to infringement, leaving only disgorgement claims for purposes of deterring future infringement and preventing unjust enrichment); *Ringling Bros.–Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev.*, 955 F. Supp. 598, 605 (E.D. Va. 1997) (stating that the remedy of disgorgement of defendant's profits was "wholly equitable and do[es] not create a constitutional jury trial right"); *G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 45 (S.D.N.Y. 1995) (denying request for jury trial and noting in the context of a Lanham Act claim, "the remedy of disgorgement of profits is equitable in nature"); *Coca-Cola Co. v. Cahill*, 330 F. Supp. 354 (W.D. Ok. 1971) (holding that plaintiff was not entitled to a jury trial on its Lanham Act claim that sought only an injunction and an equitable accounting of defendant's profits); *See also Gibson Guitar Corp. v. Paul Reed Smith*

*Guitars, LP*, 325 F. Supp. 2d. 841, 852 (M.D. Tenn. 2004) (denying defendant's request for jury trial in an action under the Lanham Act where there was no evidence of actual damages); and *American Cynamid Co. v. Sterling Drug, Inc.*, 649 F. Supp. 784, 789 (D.N.J. 1986) ("plaintiff seeking to recover defendant's unjust profits was not entitled to a jury trial because the claim was equitable.").

Positec recognizes the authority set forth in *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962), in which the Supreme Court reversed an order striking a jury demand seeking an accounting of profits and found that recovery of profits was not purely equitable in nature. However, as explained herein, *Dairy Queen* does not apply to the instant facts, and subsequent rulings have specifically found *Dairy Queen* inapplicable where (as here) a plaintiff can show no actual damages and may pursue a disgorgement of profits only under the equitable theory of unjust enrichment. In *Dairy Queen*, the plaintiff sought an equitable accounting for trademark infringement, but the Court held that the defendant could not be deprived of a jury trial on contract claims subsumed within the accounting. *See Chauffers*, 494 U.S. at 589 (Kennedy, J., dissenting, discussing *Dairy Queen*, 369 U.S. at 477-479). The *Dairy Queen* court held that insofar as a trial by jury was required on the factual issue of whether the contract had been breached (because defendant alleged that the original contract was later modified), the legal claims must be determined "prior to any final court determination of [the] equitable claims." Nothing in *Dairy Queen* holds that the accounting sought was "legal" in nature, or that the right to a jury extended to such accounting.

The Supreme Court's repeated observations regarding "disgorgement" claims as equitable in nature is consistent with Seventh Circuit precedent characterizing Lanham Act disgorgement claims. Section 35 of the Lanham Act "both allows the plaintiff to recover any

-6-

damages it suffered on account of the infringement and also requires the defendant <u>to disgorge any profits it gained from the infringement</u>. In this manner the plaintiff is assured compensation for its losses and the defendant is also <u>deprived of any benefit it unjustly reaped</u>." *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1157 (7th Cir. 1994) (citing *Web Printing Controls Co., Inc. v. Oxy–Dry Corp.,* 906 F.2d 1202, 1205 (7th Cir. 1990)). In *Web Printing* the Seventh Circuit referred to a request for defendant's profits under the Lanham Act as a claim "not for damages (in the traditional sense) but for equitable relief … on an unjust enrichment theory." Likewise, in *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1095-96 (7th Cir. 1994), a Lanham Act case, the Seventh Circuit referred to "disgorgement" as an equitable remedy.

By way of further example, in *American Cyanamid*, 649 F. Supp. at 787, the plaintiff argued that a demand for profits under the Lanham Act entitled it to a jury trial in light of the Supreme Court's *Dairy Queen* decision. In concluding that any award of profits would be equitable, and striking the claimant's jury demand, the Court explained:

> American Cyanamid originally sought recovery of both the damages it suffered and Sterling Drug's profits derived from the alleged infringement on its trademark. … American Cyanamid has amended its prayer for relief to waive the claim for recovery of its damages. … Thus, unlike plaintiffs in the cases it relies upon, American Cyanamid has limited its recovery only to Sterling Drug's allegedly unjust profits.

*American Cyanamid*, 649 F. Supp. at 788-789. The *American Cyanamid* court further explained that where (as here) actual damages are not available, any award of profits to a plaintiff rendered the relief equitable in nature as unjust enrichment or restitution:

> [A] claim for damages seeks, and should be recognized as seeking, relief different from a claim for unjust profits. It is quite possible a plaintiff seeking unjust enrichment from a defendant may not have been damaged at all by the defendant's wrongful actions. … In such a case, the plaintiff may not have suffered any damages; yet the law still entitles him to recover the defendant's wrongful profits. Thus, because a claim for profits seeks relief recognized by the Seventh Amendment as fundamentally different from a claim for damages, the cases relied

>upon by American Cyanamid -- involving claims for both damages and unjust profits -- cannot be interpreted as blurring the two claims and rendering legal an otherwise purely equitable claim for profits. … In substance, American Cyanamid seeks a determination whether Sterling Drug was enriched because of an infringement and, if so, an order requiring restitution of such money from Sterling Drug to American Cyanamid. These demands are equitable in nature. … Because American Cyanamid's claims in this action seek purely equitable relief, its demand for a jury trial must fall.

*American Cyanamid*, 649 F. Supp. at 789.

Similarly in *Emmpresa Cubana*, 123 F. Supp. 2d at 206, the court was asked to consider "whether or not a claim for disgorgement of profits in a trademark case constitutes a claim for damages entitling the defendant to a jury trial." The *Emmpresa* court found that any award of profits based upon an unjust enrichment theory is purely equitable in nature. *Id*. at 206 ("In equity a court has the power to grant complete relief by awarding profits for unjust enrichment."). While acknowledging that "the issue becomes clouded when a claim for an accounting is substituted for a damage claim," the court found that because the plaintiff was not entitled to any damages, the "request for profits proceeds solely on a theory of unjust enrichment" and was therefore equitable. *Id*. at 207.

Finally, in *SPSS*, 2009 U.S. Dist. LEXIS 73863 at *9, Judge Darrah of the Northern District of Illinois found that a Lanham Act claimant was not entitled to a jury trial even though an award of profits was at issue in the case. The claimant argued it was entitled to a jury trial. *Id*. at *5-6. Judge Darrah rejected the demand for a jury trial because the claimant was restricted to pursuing an award of profits on an unjust enrichment theory. *Id*. at *9. That is, according to the court, the claimant had failed to develop a legal theory as to how it suffered actual damages – and was limited to seeking disgorgement of profits under its unjust enrichment theory. The court struck claimants jury demand. *Id*. This is exactly what should be done in this case.

Similarly, the remaining claims for relief sought by B&D, namely, injunctive relief, an award of treble damages, and an award of costs and attorneys' fees are purely equitable in nature and do not give rise to a right to jury trial. *See, e.g. SPSS*, 2009 U.S. Dist. LEXIS 73863 (striking jury demand and noting that in Lanham Act cases, claims for injunctive relief, costs and attorneys' fees, and an award of profits are all equitable in nature and do not give rise to a right to a jury trial); *Emmpresa*, 123 F. Supp. 2d at 211 (S.D.N.Y. 2000) ("a claim for attorneys' fees and costs under the Lanham Act does not entitle a party to trial by jury."); *Roland Machinery Co. v. Dresser Industries, Inc*., 749 F.2d 380 (7th Cir. 1984) (recognizing injunctive relief as equitable in nature); *BASF Corp.*, 41 F.3d at 1099 (holding the decision to award attorneys' fees under the Lanham Act is equitable in nature); and *Sethness-Greenleaf, Inc. v. Green River Corp.*, Case No. 89-C-9203, 1995 U.S. Dist. LEXIS 13796, *11 (N.D. Ill. Sept. 20, 1995) (holding all remedies sought under the Lanham Act are equitable in nature). *See also* 15 U.S.C. § 1117(a) (affording relief "subject to the principles of equity"); and *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 746 (7th Cir. 1985) (holding "Section 1117 confers a wide scope of discretion on the district court in fashioning a remedy for a trademark infringement subject to the principles of equity.").

B&D has failed to develop any sort of theory as to entitlement to actual damages and has limited its recovery to a claim for disgorgement of Positec's profits. Since this relief, as well as B&D's claim for injunctive relief, treble damages, costs, and attorneys' fees, is purely equitable in nature, B&D has no right to a jury trial.

## CONCLUSION

Because B&D has no Seventh Amendment right to a jury trial on their remaining Lanham Act (and related) claims, the Court should grant Positec's motion and strike B&D's jury demand.

Respectfully submitted,

*/s/ Scot A. Duvall*
Henry S. Alford
Scot A. Duvall
Robert J. Theuerkauf
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
(502) 584-1135
(502) 561-0442 (fax)
Counsel for Defendants

- and -

J. Aron Carnahan (IL. Bar 6242642)
HUSCH BLACKWELL LLP
120 South Riverside – 22d Floor
Chicago, Illinois 60606
Phone: (312) 665-1500
Facsimile: (312) 655-1501
Local Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of April 2015, the foregoing Motion and supporting Memorandum of Law was filed according to the rules of Electronic Court Filing (ECF) in effect for the Northern District of Illinois – Eastern Division, which ECF system will provide a copy of same to all persons registered to receive service in this case.

*/s/ Scot A. Duvall*
*Counsel for Defendants*
