IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | ) ) ) ) | Case No. 1:11-cv-05426 |
| Plaintiffs, | ) ) | Judge Robert M. Dow, Jr. |
| vs | ) ) | Magistrate Geraldine Soat Brown |
| POSITEC USA INC. and RW DIRECT, INC., | ) ) | |
| Defendant | ) ) | |

**MOTION TO EXCLUDE THE REPORT AND PRECLUDE THE TESTIMONY OF
JAMES T. BERGER ON THE ISSUE OF SECONDARY MEANING**

Defendants, Positec USA Inc. and RW Direct, Inc. (collectively "Positec"), by counsel, hereby move, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993), as well as pursuant to Federal Rule of Evidence 403, to exclude the survey and report, and to preclude the testimony of James T. Berger, an expert identified by Plaintiffs, The Black & Decker Corporation, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "B&D"), on the issue of secondary meaning.

Plaintiffs have identified Mr. Berger as an expert witness and have tendered an expert witness report, along with two surveys which form the basis for his report and associated conclusions and opinions related to the issue of secondary meaning. Mr. Berger's surveys, and associated expert witness report, consist of a staggering amount of methodological flaws that render them inadmissible at trial. With respect to Mr. Berger's secondary meaning surveys and expert witness report, his failure to identify a proper universe of survey respondents and sample of relevant respondents participating in the surveys; his use of improper, leading questions; his failure

to use an adequate control; his failure to consider reasoning for answers provided by respondents; and his failure to analyze data provided through the surveys under necessary and reliable statistical safeguards, individually and collectively render his opinions unsupported and unreliable. As a result, Mr. Berger's secondary meaning surveys and expert witness report are inadmissible pursuant to the Federal Rules of Evidence and *Daubert* and its progeny.

A memorandum of law (with supporting exhibits) in support of this Motion is submitted herewith.

Respectfully submitted,

*/s/ Scot A. Duvall*
Henry S. Alford
Scot A. Duvall
Robert J. Theuerkauf
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
(502) 584-1135
(502) 561-0442 (fax)
Counsel for Defendants

- and -

J. Aron Carnahan (IL. Bar 6242642)
HUSCH BLACKWELL LLP
120 South Riverside – 22d Floor
Chicago, Illinois 60606
Phone: (312) 665-1500
Facsimile: (312) 655-1501
Local Counsel for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of April 2015, this Motion was filed according to the rules of Electronic Court Filing (ECF) in effect for the Northern District of Illinois – Eastern Division, which ECF system will provide a copy of same to all persons registered to receive service in this case.

*/s/ Scot A. Duvall*
*Counsel for Defendants*