IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> POSITEC USA INC. and RW DIRECT, INC. <br><br> Defendants. | Case No. 1:11-cv-05426 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate-Judge Geraldine Soat Brown |

**BLACK & DECKER'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE**

### I. INTRODUCTION

In this case, Plaintiffs and Defendants both requested a trial by jury and neither side has withdrawn their jury demands (Ex. 1). However, Defendants now ask this Court to revoke Black & Decker's fundamental Seventh Amendment right to a jury trial solely because the word "equity" appears in the Lanham Act, 15 U.S.C. §1117(a). This exact argument has been ***thoroughly*** considered and rejected by the applicable legal authorities in this district and elsewhere. Defendants' motion to strike should be denied.

### II. BLACK & DECKER IS ENTITLED TO A JURY TRIAL ON ITS CLAIM FOR DEFENDANTS' INFRINGING PROFITS UNDER 15 U.S.C §1117(a)

Defendants claim (incorrectly) that Black & Decker has no evidence of actual damages and that Black & Decker is only seeking "unjust enrichment" through an equitable disgorgement of Defendants' profits. (Mot. to Strike at p. 6). To the contrary, Black & Decker is seeking full compensation under 15 U.S.C. §1117(a), which provides:

> (a) When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125 (a) or (d) of this title, or a willful violation under section 1125 (c) of this title, shall have been established in

any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. §1117(a).

In enacting this statute, "Congress recognized the difficulty" for a trademark owner to compute the exact amount of actual damages and diverted sales, which is precisely the situation here. *Oxford Industries, Inc. v. Hartmarx Corp.*, 88 C 0322, 1990 WL 65792, at *7-8 (N.D. Ill. May 2, 1990) (trademark owner has right to jury trial on claim of infringer's profits under 15 U.S.C. §1117(a)). Notably, this Court already found genuine issues of fact in denying Defendants' motion for summary judgment on actual damages (Opinion at pp. 74-75). Defendants have not sought reconsideration of this ruling, so it is the law of the case – but there is more. The parties' directly competing products are sold not only in the *same stores*, but often commingled together on the *same shelves*:



- 2 -

(Opinion at p. 32). The photograph above exemplifies a common layout on retail store shelves across the country, where Defendants' infringing yellow and black products and packaging are side-by-side or intermingled with Black & Decker's DeWalt products and packaging. (*See* Dkt. No. 75-14, Fisher Decl. ¶¶ 3-6). It is beyond question that sales of DeWalt products are being displaced by the infringing products (*see* Dkt. No. 75-14, Fisher Decl. ¶¶ 12-13) as this Court already determined on the issue of actual confusion:

> Here, Defendants have moved for summary judgment without offering any survey evidence showing that confusion is unlikely. Plaintiffs, in contrast, have offered the Berger study, which shows a 47% rate of confusion. As discussed, Defendants' various challenges to the study go to its weight, not its admissibility or sufficiency. Accordingly, Defendants fail to establish the absence of factual disputes regarding actual confusion. See *McGraw-Edison Co.*, 787 F.2d at 1173.

(Opinion at p. 69). A 47% confusion rate (from viewing a depiction of Defendants' actual infringing goods) could hardly be more persuasive evidence of actual injury and actual damage to Plaintiffs. (Opinion at pp. 74-75, finding "genuine disputes of fact going to actual confusion" and therefore genuine disputes on "actual damages," citing *Web Printing Controls Co. v. Oxy-Dry Corp.,* 906 F.2d 1202, 1204-05 (7th Cir. 1990); *CFM Majestic, Inc. v. NHC, Inc.*, 93 F. Supp. 2d 942, 960 (N.D. Ind. 2000). Black & Decker is losing sales, profits and the good will that it has developed in its DeWalt line of products. (*See* Fisher Decl. ¶¶ 12-13; *see also* Ex. 2, Rakowsky Dep. at 12-14, 80-84, 121-124; Opinion at pp. 69, 74-75).

However, because of the difficulty in quantifying the precise amount of injury to Plaintiffs – a common issue recognized by Congress and several controlling decisions from this circuit – Plaintiffs are seeking Defendants' profits under 15 U.S.C. §1117(a), in part, as a surrogate for damages, placing this matter squarely into a legal claim allowing for a jury trial. *Oxford Industries*, 1990 WL 65792 at *7-8.

This is not a situation like the *SPSS* case relied upon by Defendants, where the parties were not competitors and plaintiff was only seeking unjust enrichment. *SPSS, Inc. v. Nie*, 08 C 66, 2009 WL 2579232, at *2 (N.D. Ill. Aug. 19, 2009) ("Nie was not in competition with SPSS, or even in the same line of business."). Critically, Judge Darrah recognized that an accounting for profits is a legal claim because it acts as a surrogate for damages, but the trademark owner Nie was solely and exclusively presenting a claim of unjust enrichment, nothing more:

> Nie also asserts that **another** remedy he seeks, an accounting of the Company's profits, is a legal claim, properly decided before a jury. Nie argues that an accounting of profits is a legal claim because it acts as a surrogate for damages. However, as discussed above, Nie has not developed a theory as to how he suffered actual damages. Rather, to the extent he is entitled to a monetary judgment, it is due to the Company's alleged unjust enrichment, Nie cannot grant himself the ***right to a jury trial simply by labeling his claim an accounting of profits***.

*Id*. at *3 (emphasis added). Here, the parties ***are*** competitors and Black & Decker ***is*** seeking an accounting for profits, ***not*** merely unjust enrichment. It appears that Judge Darrah would have granted Plaintiffs' right to a jury trial if presented with the facts before this Court.

Accordingly, Black & Decker's claim for Defendants' infringing profits is "really a surrogate for damages" and is "more in the nature of compensatory damages…." *Oxford Industries*, 1990 WL 65792 at *7-8. Defendants' motion ignores the well-reasoned opinion of *Oxford Industries,* which decided the ***exact issue*** presented herein: "In this trademark suit the court is confronted with the technical question of whether a trademark owner is entitled to a jury trial on a claim for the infringer's profits under 15 U.S.C. §1117(a)." *Id*. at *1.

The *Oxford Industries* court followed binding Supreme Court decisions (as it must) such as *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), and held that an action for trademark infringement damages was historically considered "an action at law," thereby rejecting the argument that an action was considered equitable merely "because it sought an 'accounting.'" *Id.* at *4-7, citing *Dairy Queen*, 369 U.S. at 477-78 (the fact that the trademark infringement complaint

requested an "accounting" rather than "damages" did not set aside plaintiff's jury demand, holding that "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."). In other words, a claim for an accounting of a trademark infringer's profits is "more in the nature of compensatory damages than restoring the trademark owner's property to him, which is normally understood by restitution." *Oxford Industries*, 1990 WL 65792 at *7 ("[W]e find no suggestion that a trademark owner was considered to have an equitable title or estate in an infringer's profits."); *see also Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir. 1989) ("Profits are awarded under different rationales including unjust enrichment, deterrence, and compensation.").

The court in *Oxford Industries* found that an accounting for profits under 15 U.S.C. §1117(a) – the exact statute being relied upon by Black & Decker here – is properly decided by a jury:

> We conclude that a claim for a trademark infringer's profits is more analogous to a suit for damages than one for restitution. Congress recognized the difficulty of computing appropriate compensation for trademark infringement, and directed the court to combine damages *and* profits to achieve a just result. That profits were combined with damages in Section 1117 into a single monetary recovery which constitutes 'compensation', rather than included in Section 1116, the section authorizing injunctions, suggests that Congress considered an award of profits more in the nature of damages than as incidental to equitable relief.
>
> * * *
>
> Because trademark actions were historically legal, because an equitable accounting for profits was not granted except when there was some other basis of equitable jurisdiction, because an award of profits in the trademark context is more like an award of damages than restitution and because any doubts should be resolved in favor of the policy expressed in *Beacon Theatres* and *Dairy Queen* favoring jury trials of factual issues, we believe that *Dairy Queen, Ross* and *Curtis* entitled [defendant] to a jury trial on its claim for profits under 15 U.S.C. § 1117.

1990 WL 65792 at *7-8.

Similarly, in *Grove Fresh Distributors, Inc. v. New Eng. Apple Products Co., Inc.*, 89 C 1115, 1991 WL 3928 (N.D. Ill. Jan. 11, 1991), the court denied defendant's motion to strike

plaintiff's jury demand pursuant to 15 U.S.C. §1117(a), holding that "for purposes of determining a right to trial by jury, ***an accounting is a legal claim for damages***." *Id*. at *3-4 (emphasis added). The court followed the Supreme Court's *Dairy Queen* decision and rejected defendant's argument that recovery of profits is an equitable remedy under §1117(a) of the Lanham Act – "Section 1117…was in effect when the Supreme Court decided *Dairy Queen*, which involved an accounting under the Lanham Act." *Id*. at *3. Further, like Black & Decker here, plaintiff in *Grove Fresh* brought unfair competition claims "under Illinois common law, which does provide a right to trial by jury." *Id*., citing *Admiral Corp. v. Admiral Employment Bureau*, 151 F. Supp. 629 (N.D. Ill. 1957) (right to jury exists for Lanham Act and common-law unfair competition claims for damages).

Still further, the court in *Morton v. Planet Hollywood (Chicago)*, 92 C 3970, 1993 WL 4137, at *2 (N.D. Ill. Jan. 4, 1993), held: "Plaintiffs are entitled to a jury trial on their claim for an accounting under the Lanham Act. *Dairy Queen, supra*…Plaintiffs are independently entitled to have a jury hear their common law claim for unfair competition." *Id*.; *see also*, *Roulo*, 886 F.2d at 941-42 (affirming jury verdict of defendant's profits for trade dress infringement under the Lanham Act); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 99 C 1174, 2004 WL 1613563, at *7 (N.D. Ill. July 19, 2004) (denying motion to reduce jury verdict of defendant's profits under 15 U.S.C. §1117(a)); *Quality Care-USA, Inc. v. Gorenstein Enterprises, Inc*., 80 C 3927, 1987 WL 27307, at *2 (N.D. Ill. Dec. 9, 1987) (the court will leave "undisturbed" the jury award "attributable to defendants' profits" under 15 U.S.C. §1117(a)).

The Seventh Circuit even has a model jury instruction on how a ***jury*** should calculate defendant's profits under 15 U.S.C. §1117(a). (Ex. 3).

In denying similar motions to strike, courts in other jurisdictions follow the thoughtful analysis of the Northern District of Illinois' *Oxford Industries* decision. *See*, *e.g.*, *Ideal World*

*Mktg., Inc. v. Duracell, Inc.*, 997 F. Supp. 334, 338 (E.D.N.Y. 1998) (The "position embraced by the *Oxford* court is correct," holding that plaintiff "is entitled to a jury trial."). In *Ideal World*, the trademark owner withdrew its request for damages based on lost sales or loss of reputation, leaving only its claim for the disgorgement of defendant's profits under 15 U.S.C. §1117(a). *Id*. at 335-36. The court in *Ideal World* recognized that "an award of profits has largely served a remedial function in trademark cases, designed to compensate plaintiffs for diverted sales and to address the difficulty of proof inherent in such cases." *Id.* at 339. *See also Daisy Group, Ltd. v. Newport News, Inc*., 999 F. Supp. 548, 552 (S.D.N.Y. 1998) (plaintiff's claim for defendant's profits pursuant to 15 U.S.C. §1117(a) is legal, not equitable, thereby entitling plaintiff to a jury trial – seeking profits as a "surrogate for damages" due to the "difficulty of proving actual lost sales" is "fundamentally compensatory and legal in nature," and "[t]herefore, a claim for an infringer's profits as a proxy for damages 'is more analogous to a suit for damages' than to an equitable action."); *NordicTrack, Inc. v. Consumer Direct, Inc*., 158 F.R.D. 415, 422 (D. Minn. 1994) (plaintiff's demand for defendants' profits warranted a jury trial: "[a]ctions which pursue an accounting for damages under Section 1117, can be—under the ordinary application of the *Dairy Queen* principle—presented to a Jury.").

The specific language of the Lanham Act itself further supports denial of Defendants' motion to strike:

> Moreover, the language of § 1117(a) also suggests strongly that, like damages, the actual calculation of profits should be made by the jury. Section 1117(a) provides, in pertinent part, that '[t]he court shall assess such profits and damages *or cause the same to be assessed under its direction*' (emphasis added). Thus, the statute treats both profits and damages together, making no separate provision for the manner in which profits are calculated.

*Ideal World*, 997 F. Supp. at 339. As for the language "subject to the principles of equity" in §1117(a), the *Ideal World* court noted "by its own terms, §1117(a) provides that awards of

damages, which are indisputably legal, are also subject to equitable principles." *Id*. Indeed, the statute "makes no distinction between the two remedies" and the statute further points out that any award "shall constitute compensation and not a penalty." *Id*. "This language lends support to the Court's conclusion that an award of profits is intended to be compensatory and is therefore akin to a legal damages remedy." *Id*.

This Court should follow the controlling and well-reasoned decisions from the Seventh Circuit and elsewhere that deny identical motions filed by other trademark infringers like Defendants. Black & Decker's constitutional right to a jury trial should stand.

### III. CONCLUSION

A right as fundamental as the Seventh Amendment right to a jury trial should not be set aside easily, as Defendants assert, based on their misapplication of the Lanham Act.

Even if Defendants were correct on the law (which they certainly are <u>not</u>), the jury in this case could render an advisory verdict regarding the appropriate amount of damages under 15 U.S.C. §1117(a). However, as indicated, Black & Decker most respectfully requests that Defendants' motion to strike be ***denied in its entirety***.

    Respectfully submitted,

    */s/ Raymond P. Niro, Jr.*
    Raymond P. Niro, Jr.
    Kyle D. Wallenberg
    NIRO McANDREWS, LLC
    200 W. Madison, Suite 2040
    Chicago, IL 60606
    (312) 755-8575
    Fax: (312) 674-7481
    rnirojr@niro-mcandrews.com
    kwallenberg@niro-mcandrews.com

    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 1, 2015 the foregoing

**<u>BLACK & DECKER'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE</u>**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| J. Aron Carnahan<br>HUSCH BLACKWELL LLP<br>120 S. Riverside Plaza, 22nd Fl.<br>Chicago, IL 60606<br>aron.carnahan@huschblackwell.com | Henry S. Alford<br>Scot A. Duvall<br>Robert J. Theuerkauf<br>MIDDLETON REUTLINGER<br>401 S. Fourth Street<br>2500 Brown & Williamson Tower<br>Louisville, KY 40202<br>HAlford@MiddletonLaw.com<br>SDuvall@MiddletonLaw.com<br>RJT@MiddletonLaw.com |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                            */s/ Raymond P. Niro, Jr.*
                                            Attorney for Plaintiffs
                                            NIRO McANDREWS, LLC