IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | ) Case No. 1:11-cv-05426 ) ) ) |
| Plaintiffs, | ) Judge Robert M. Dow, Jr. ) |
| v. | ) Magistrate – Judge Geraldine ) Soat Brown |
| POSITEC USA INC. and RW DIRECT, INC., | ) ) |
| Defendants. | ) ) ORAL ARGUMENT REQUESTED |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO STRIKE PLAINTIFFS' JURY DEMAND**

Defendants, Positec USA Inc. and RW Direct, Inc. (collectively "Positec"), by counsel, and for their Reply in support of their Motion (Docket Entry 99 ("D.E.")) to strike the jury demand of Plaintiffs, Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc. (collectively "B&D"), state as follows:

In B&D's Response to Defendants' Motion to Strike (D.E. 108), B&D argues that any and all claims for an accounting of a defendant's profits under the Lanham Act are legal in nature, and thus, carry with them a right to a trial by jury. In making this argument, B&D essentially argues that if there is any claim for monetary relief being made under the Lanham Act, then the party making such a claim has an absolute right to a jury trial. B&D blurs the important distinction between monetary relief under the Lanham Act in the form of actual damages versus a defendant's profits and has misinterpreted and misstated long-standing law.

Despite B&D's arguments to the contrary, Positec stands by the law cited in its Motion that a claim for an accounting of defendant's profits under the Lanham Act is an equitable remedy and equitable remedies are to be decided by a judge, not a jury. A correct interpretation

of the law is that <u>all</u> claims for an accounting or disgorgement of profits under the Lanham Act are equitable and, therefore, any determination of profits should be made by the judge in the judge's discretion.  Therefore, as a matter of law, any claim asserted by B&D seeking the recovery of Positec's profits under the Lanham Act is equitable and there is no need for further analysis of the claims.  B&D is not entitled to a jury trial.

If a specific analysis as to the nature of the relief sought must be made, the issue becomes whether the specific relief sought is truly legal or equitable.  If this Court determines that the relief sought by B&D is equitable, which it most certainly is, then B&D is not entitled to a jury trial.  As the Seventh Circuit confirms, consideration of whether a case is legal or equitable in nature must be answered only with reference to the specific relief available to a party within the case:

> [The parties] think it means that if an issue could give rise to a claim for damages, either party can demand that it be tried to a jury. That is not correct. If the only relief sought is equitable, such as an injunction or specific performance (a type of affirmative injunction), neither the party seeking that relief nor the party opposing it is entitled to a jury trial … A suit seeking only equitable relief is not a suit at common law, regardless of the nature of the issues likely or even certain to arise in the case.

*Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002).

While it is true that some case law erroneously recognizes that an award of a defendant's profits can be pursued as a rough proxy measure of a plaintiff's monetary damages in certain circumstances – those circumstances don't exist here since, in reality, B&D has not pursued actual, monetary damages as a remedy and instead focused its monetary remedies solely on an unjust enrichment theory through the proposed disgorgement of any profits Positic has incurred

2

as a result of the alleged infringing activity. As such, the remaining relief sought by B&D in this case under the Lanham Act (and/or the common law) is purely equitable in nature.

**I.  ALL CLAIMS FOR A DEFENDANT'S PROFITS UNDER THE LANHAM ACT ARE EQUITABLE CLAIMS**

B&D relies heavily on the Supreme Court's *Dairy Queen* decision. This decision, therefore, is an important starting point in the analysis since many, if not all, of the cases cited by B&D to support its argument that an accounting of profits is a legal remedy misconstrue the *Dairy Queen* opinion in rendering their respective decisions[1].

*Dairy Queen* does not stand for the proposition that all trademark infringement claims in which monetary relief is sought, in some form, are subject to jury trials. *Dairy Queen* at its core involved a contract, albeit one to license the use of a trademark. 369 U.S. at 473. The plaintiff claimed that the defendant was in material breach of a contract (licensing agreement), which led to a trademark infringement due to the resulting unauthorized use of the plaintiff's trademark following the expiration of the contract. *Id*. at 475. Plaintiff sought recovery of "the exact amount of money owing" by virtue of the alleged infringement. *Id*. Thus, the accounting requested by the plaintiff in *Dairy Queen* covered, at least in part, actual damages for breach of the licensing agreement. The Court concluded that even though the claim was styled as an "accounting," it really was a contract action or a claim for trademark damages. 369 U.S. at 476-

---

[1] It is important to note that prior to *Dairy Queen*, trademark infringement actions were typically tried without a jury. *Holiday Inns of America, Inc. v. Lussi*, 42 F.R.D. 27, 30-31 (N.D.N.Y. 1967); *Crane Co. v. Crane*, 157 F. Supp. 293, 294 (N.D. Ga. 1957) (no jury trial in trademark action seeking damages, an accounting, and an injunction, because the damages were incidental to the equitable relief sought); *Admiral Corp. v. Admiral Employment Bureau, Inc.*, 151 F. Supp. 629, 630-31, 113 U.S.P.Q. (BNA) 268, 268-69 (N.D. Ill. 1957) (no jury trial on accounting or damages issues incidental to an injunction claim, but there is a right to a jury on questions relating to punitive damages). These decisions were based, at least in part, on the view that equity had incidental jurisdiction over damages claims in trademark cases. The same approach was used in copyright infringement actions. *See, e.g*., *Bruckman v. Hollzer*, 152 F.2d 730, 732, 68 U.S.P.Q. (BNA) 252, 254 (9th Cir. 1946) ("the rule is fundamental that where a plaintiff seeks legal and equitable relief in respect of the same wrong, his right to trial by jury is lost.").

77. The Court found that despite the title the plaintiff chose to give to its claim, it was "wholly legal in its nature however the complaint is construed…." *Id*. at 477. Therefore, according to the Court, an accounting in equity of the plaintiff's damages was unnecessary. *Id*. Although it is possible to read *Dairy Queen* more broadly, as B&D and some courts have, the nature of the complaint at issue, coupled with the Supreme Court's later holdings concerning the equitable nature of claims for disgorgement of profits, bely the broad interpretation of *Dairy Queen* endorsed by B&D.

That is, an overly inclusive interpretation of *Dairy Queen* is contrary to the historical role of the accounting of profits in trademark cases, and it is contrary to the U.S. Supreme Court's subsequent repeated characterizations of disgorgement as an "equitable" remedy. *See Tull v. United States*, 481 U.S. 412, 424 (1987); *Curtis v. Loether*, 415 U.S. 189 (1974) (discussing disgorgement as a form of equitable relief and citing *Dairy Queen* as a damages case). The U.S. Supreme Court itself has summarized *Dairy Queen* as holding that an "<u>action for damages</u> for trademark infringement [is] subject to cognizance by a court of law." *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) (emphasis added); *see also*, *City of Monterey v. Del Monte Dunes, Ltd.*, 526 U.S. 687 (1999) (Scalia, J., concurring) (*Dairy Queen* cited as an example of a tort action involving a claim for damages).

A proper reading of *Dairy Queen* is found in *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015), wherein the Ninth Circuit held that *Dairy Queen* "does not broadly hold that a Lanham Act claim for disgorgement of profits is a legal claim." The Ninth Circuit held that "a claim for disgorgement of profits under § 1117(a) is equitable, not legal." *Id*. at 1075. Moreover, according to the Ninth Circuit, even if a disgorgement claim could be classified as a claim for legal damages, "**the specific issue of profit**

4

**determination" in a Lanham Act case should not be tried by a jury**. *Id*. (emphasis added). The court in *Fifty-Six* looked to § 1117's language and found that, under the statute, judges should determine the amount of profits a successful plaintiff is permitted to recover, since a determination of profits under § 1117 is not "fundamental, … inherent in and of the essence of the system of trial by jury." *Id*. at 1076, citing *Tull*, 481 U.S. at 426. The trial court had taken away the issue of determining profits from the jury and the Ninth Circuit ultimately upheld the judge's profit determination. *Id*. at 1083.

B&D further claims *Oxford Industries, Inc. v. Hartmax Corp.,* No. 88 C 0322, 1990 U.S. Dist. LEXIS 5979 (N.D. Ill. May 2, 1990), controls here. However, *Oxford* was a case wherein the jury had already heard claims for both actual damages and profits under the Lanham Act but the court later entered a directed verdict at the close of the plaintiff's case to dismiss the actual damages claim. Both legal and equitable relief were at issue when the case was presented to the jury. This unique procedural posture serves to distinguish *Oxford* from the present case.

What is more, in holding that a claim for an infringer's profits was properly before the jury, the *Oxford* court simply got it wrong based on the overwhelming authority holding such relief to be equitable: *see e.g., Reebok Int'l v. Marnatech Enters*., 970 F.2d 552, 559 (9th Cir. 1992) (accounting for profits is an equitable remedy); *Ferrari S.P.A. Esercizio v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991) (disgorgement of profits deemed equitable); *Fuller Brush Products Co. v. Fuller Brush Company*, 299 F.2d 772, 777 (7th Cir. 1962) ("an accounting for profits … is an equitable remedy subject to the principles of equity."); *Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, LP*, Case No. 00-2317, 2002 U.S. Dist. LEXIS 13991, *30-31 (D. Minn., July 26, 2002) (distinguishing the legal damages in *Dairy Queen* from the equitable claim for profits); *Emmpresa Cubana Del Tabaco v. Culbro Corp*., 123 F. Supp. 2d

203 (S.D.N.Y. 2000) (no right to a jury for an award of profits which was not an estimate of damage but was based on unjust enrichment); *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev.*, 955 F. Supp. 598, 605 (E.D. Va. 1997) (holding that "the disgorgement of defendant's profits [under the Lanham Act is] wholly equitable and do[es] not create a constitutional jury right"), *aff'd*, 170 F.3d 449 (4th Cir. 1999); *G. A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 45-46 (S.D.N.Y. 1995) (no entitlement to jury trial when plaintiff seeking injunction, profits, an increased award under Section 35 and attorneys' fees); *Am. Cynamide Co. v. Sterling Drug Inc.*, 649 F. Supp. 784 (D.N.J. 1986) (profit awards are equitable); *DC Comics, Inc. v. Filmation Assoc.*, 486 F. Supp. 1273, 1284-85 (S.D.N.Y. 1980); and *Coca-Cola v. Cahill*, 330 F. Supp. 354 (D. Okla. 1971), *aff'd*, 480 F.2d 153 (10th Cir. 1973) (courts have been reluctant to recognize a right to jury trial in trademark infringement suits seeking an accounting); *see also*, various cases cited in Positec's Motion.

The simple and correct reading of relevant case law here is that all claims for disgorgement of a defendant's profits under the Lanham Act should be deemed equitable – rendering any claim to a jury trial on such claims improper. To hold otherwise would give plaintiffs the ability to manipulate the right to a jury trial based on conclusory statements made in pleadings and/or in its complaint and would invite unnecessary and complicated analysis of the specific relief sought.

## II. THE SPECIFIC RELIEF SOUGHT BY B&D UNDER THE LANHAM ACT IS EQUITABLE IN NATURE

If this Court determines that it is not the rule of law that all claims for a defendant's profits under the Lanham Act are equitable, then the Court must look to the specific claims asserted and make a determination as to whether the claims are equitable in nature. If the nature

of the relief requested by B&D is compensatory then it could be considered legal whereas if the relief requested is in the nature of unjust enrichment then it is equitable. Further, where there is an absence of an adequate remedy at law, then the relief sought is equitable in nature. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-08 (1959).

The Seventh Circuit has noted that a disgorgement of profits under the Lanham Act can be justified under different theories, including "to provide a plaintiff relief in equity, to serve as a proxy for damages, or to deter the wrongdoer from continuing his violations." *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1095-96 (7th Cir. 1994)[2]. Whether a profits remedy is considered equitable in nature depends on which of these theories provides the basis for the requested profits award. *Daisy Group, Ltd. v. Newport News, Inc.*, 999 F. Supp. 548, 552 (S.D.N.Y. 1998) (quoting *George Basch*, 968 F.2d at 1538-39).

As to the specific remedies sought by B&D in this case, B&D concedes in its Response that it is not seeking actual damages under the Lanham Act and that it is only seeking Positec's profits under 15 U.S.C. § 1117(a). *See* Response, p. 3. B&D seeks an end-around to this fact by claiming now, for the first time in its Response, that it is seeking Positec's profits as a "surrogate" for an actual damages claim. In other words, B&D argues that its disgorgement claim is nothing more than a "proxy" for an actual damages claim – making the claim compensatory in nature. In making this argument B&D seeks to avoid the true nature of its disgorgement of profits claim, which is a claim seeking recovery based on the alleged unjust enrichment of Positec as a result of alleged infringing sales. Disgorgement of profits by its very

---

[2] The third rationale supporting an award of defendant's profits – deterrence – does not support a right to a jury trial. *See George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1539 (2d Cir. 1992). *See also BASF*, 41 F.3d at 1096 (noting that any enhancement of a profits award "is clearly committed to the district court" under the Lanham Act).

nature is restitutionary, not compensatory, in that it is plainly designed to disgorge profits unjustly incurred by an alleged infringer.

In *Juicy Couture, Inc. v. L'Oreal USA, Inc.*, Case No. 04 CIV. 7203, 2006 U.S. Dist. LEXIS 9154, *2-3 (S.D.N.Y. Mar. 7, 2006), for example, the plaintiff argued that it was entitled to a jury trial on the issue of an accounting under the Lanham Act because such claim was a proxy for its damages claim. To support this argument, plaintiff generally claimed that it lost sales and suffered damages to its reputation. *Id*. The court rejected these arguments reasoning that plaintiff had not produced any evidence of injury to its reputation and did not quantify its lost sales. *Id*. at *3. Further, plaintiff's own expert report did not seek to measure lost sales and only sought to calculate the profits of the defendant. *Id*. The court held that plaintiff's conclusory statements were not sufficient to convert the equitable accounting claim into a legal claim for damages. *Id*. *See also, Visible Sys. Corp. v. Unisys Corp.*, 551 F.3d 65, 80 (1st Cir. Mass. 2008) (rejecting the proxy argument and citing *Dairy Queen* for the proposition that by their very nature equitable claims are asserted where there is no adequate remedy at law); and *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 299 (2d Cir. 2006) ("these remedies do not aim to compensate Design for damages it suffered in the form of monetary gains it would have earned … [but] [r]ather, the relief demanded seeks to remove from Defendants the funds that they allegedly obtained unjustly and that in good conscience should be turned over to Design.").

Similarly here, B&D has presented no evidence that it has suffered any losses as a result of the alleged infringing activities of Positec other than the conclusory statements of its witnesses. B&D has presented no quantifiable proof of loss at all. B&D made no effort to show that any sales made to Positec would have gone to it instead. B&D's own expert report is limited solely to the issue of calculating Positec's profits. There has been absolutely no

8

argument even, until now, that B&D's accounting of profits claim bears any relation to any actual losses B&D alleges to have suffered. What is more, B&D has presented no evidence of any reputation damages.

B&D's arguments are further undermined by how it plead and pursued this case from the outset. The plain language of the Complaints in this action allege that B&D is entitled to an accounting (or injunction) because it has "no adequate remedy at law" and/or has suffered "irreparable injury". *See* Amended Complaint (D.E. 50), at ¶¶ 65, 66, 69, 70, 91, 102, and 129. Along these same lines, B&D plead its accounting of profits claim under the following language: "Positec's use of the DeWalt Trademarks as set forth herein has resulted in Positec <u>unfairly benefiting</u> from Plaintiff's … trademarks …."; "Positec has used in commerce, and continues to use in commerce, the DeWalt Trademarks to <u>unfairly benefit</u> from Plaintiff's success …."; *See* D.E. 50, ¶¶ 61 75, and 77 (emphasis added). All of B&D's trademark-related claims were specifically plead to address the alleged unjust enrichment by Positec and not to address compensating B&D based on any profits incurred by Positec.

Now, while a defendant's profits are by the very nature easier to prove, this does not in and of itself justify B&D's conclusion that profits are compensatory in nature. The basis for awarding Positec's profits is unjust enrichment, and this theory does not depend in any direct way on the existence of a quantifiable monetary injury to B&D. If the recovery is measured by Positec's gain, it is an equitable remedy and there is no right to a jury trial. Indeed, as discussed, the remedies plead and/or sought by B&D are not designed to remedy any losses suffered by B&D, they are strictly designed to seek monies unjustly earned by Positec as a result of any alleged infringement.

9

Finally, in addition to *Dairy Queen* and *Oxford*, B&D cites a number of cases to support the argument that the attempt to recover Positec's profits is a proxy for an actual damages claim, and is, therefore, a legal claim entitling B&D to a jury trial, including: *Grove Fresh Distributors, Inc. v. New England Apple Products Co*., No. 89 C 1115, 1991 U.S. Dist. LEXIS 258, (N.D. Ill. Aug. 23, 1991); *Daisy Group v. Newport News*, 999 F. Supp. 548, 549 (S.D.N.Y. 1998); *Nordictrack, Inc. v. Consumer Direct*, 158 F.R.D. 415, 417 (D. Minn. 1994); *Ideal World Mktg. v. Duracell, Inc*., 997 F. Supp. 334, 339 (E.D.N.Y. 1998); *Morton v. Planet Hollywood*, Case No. 92 C 3970, 1993 U.S. Dist. LEXIS 2, *1 (N.D. Ill. Jan. 4, 1993); *Roulo v. Russ Berrie & Co*., 886 F.2d 931, 940 (7th Cir. Ill. 1989); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, Case No. 99 C 1174, 2004 U.S. Dist. LEXIS 13443, *22 (N.D. Ill. July 16, 2004); and *Quality Care - USA, Inc. v. Gorenstein Enterprises, Inc.*, Case No. 80 C 3927, 1987 U.S. Dist. LEXIS 11400, *1 (N.D. Ill. Dec. 8, 1987).

The first set of these so-called supporting cases were broadly decided based on a misinterpretation of *Dairy Queen* and are in direct contradiction to Supreme Court precedent squarely holding that disgorgement of profits is an equitable remedy. *See Grove Fresh*, 1991 U.S. Dist. LEXIS 258 at *8 (broadly holding an accounting of profits is a legal claim for damages pursuant to *Dairy Queen*); *Daisy Group,* 999 F. Supp. at 549 (relying on a faulty interpretation of *Dairy Queen* and *Oxford* and broadly holding that an accounting of profits is legal in nature and that all trademark infringement actions are actions at law); *Nordictrack,* 158 F.R.D. at 417 (holding all actions for an accounting are legal pursuant to *Dairy Queen*); and *Ideal World Mktg. v. Duracell, Inc*., 997 F. Supp. 334, 339 (E.D.N.Y. 1998) (relying on *Dairy Queen* and *Oxford* in holding that claims for an accounting of profits and actual damages under the Lanham Act were one in the same). These decisions open the door for an improper

interpretation of the Lanham Act that does not distinguish actual damages and profits as separate and distinct remedies – which is not the law. In any event, these cases have all been superseded by subsequent opinions in both Appellate and District Courts wherein it has been plainly recognized that an accounting and/or disgorgement of profits is equitable in nature. See *SEC v. Lipson*, 278 F.3d 656, 663 (7th Cir. 2002); *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1095-96 (7th Cir. 1994); *SPSS Inc. v. Nie*, Case No. 08-C-66, 2009 U.S. Dist. LEXIS 73863, \*7 (N.D. Ill. Aug. 19, 2009); *Minnesota Specialty, supra;* and *Emmpresa Cubana, supra.*

The second set of B&D's cases involve situations where legal remedies still existed in the case and were properly before the jury and the equitable claims simply were presented to the jury along with the legal claims. *See Morton v. Planet Hollywood*, 1993 U.S. Dist. LEXIS at \*1 (accounting of profits could go to jury because there were other claims for legal relief that were properly before the jury)[3]; *Roulo,* 886 F.2d at 940 (accounting of profits claim properly before the jury because there were other legal claims properly before the jury); *R.J. Reynolds,* 2004 U.S. Dist. LEXIS 13443 (the court did not even address the issue of whether a claim for disgorgement of profits was equitable or legal); and *Quality Care,* 1987 U.S. Dist. LEXIS 11400 at \*1 (legal remedies were properly before the jury in addition to the equitable remedy of disgorgement of profits). None of these cases apply here.

The disgorgement of profits claim asserted by B&D in this case seeks to recover allegedly unlawful gains made by Positec. The claim is not an attempt to quantify and/or compensate for B&D's alleged loss sales or the damage to its reputation. The disgorgement of

---

[3] The *Morton* case does not stand for the proposition cited by B&D in its Response that unfair competition claims brought under the common law are treated differently than claims under the Lanham Act and automatically carry with them the right to a jury trial. To the contrary, the *Morton* court did not distinguish between relief sought under the Lanham Act and Illinois common law and instead treated the relief sought under both claims as coextensive. *Id*. at \* 1.

profits claim is purely equitable in nature. Therefore, B&D is not entitled to a jury trial on its Lanham Act and related state law claims.

Because B&D has no Seventh Amendment right to a jury trial on their remaining Lanham Act (and related) claims, the Court should grant Positec's motion and strike B&D's jury demand.

Respectfully submitted,

*/s/ Scot A. Duvall*
Henry S. Alford
Scot A. Duvall
Robert J. Theuerkauf
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
(502) 584-1135
(502) 561-0442 (fax)
Counsel for Defendants

- and -

J. Aron Carnahan (IL. Bar 6242642)
HUSCH BLACKWELL LLP
120 South Riverside – 22d Floor
Chicago, Illinois 60606
Phone: (312) 665-1500
Facsimile: (312) 655-1501
Local Counsel for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th day of May 2015, the foregoing Reply in Support of Defendants' Motion to Strike Plaintiffs' Jury Demand was filed according to the rules of Electronic Court Filing (ECF) in effect for the Northern District of Illinois – Eastern Division, which ECF system will provide a copy of same to all persons registered to receive service in this case.

*/s/ Scot A. Duvall*
*Counsel for Defendants*