IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | Case No. 1:11-cv-05426 |
| Plaintiffs, | Judge Robert M. Dow, Jr. |
| v. | Magistrate – Judge Geraldine Soat Brown |
| POSITEC USA INC. and RW DIRECT, INC., | |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
FOLLOWING PLAINTIFFS' CASE IN CHIEF**

Defendants, Positec USA Inc. and RW Direct, Inc. (collectively "Positec"), by counsel, and pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, moves this honorable Court for judgment as a matter of law following Plaintiffs' case in chief at trial. In support thereof, the Defendants state as follows:

1. Trial commenced in this action on September 28, 2015. Plaintiffs, The Black & Decker Corporation, Black & Decker Inc., and Black & Decker (U.S.) Inc. ("Plaintiffs"), have been fully heard on the issues on this case.

2. Judgment as a matter of law should be granted in favor of the Defendants on all claims, including but not limited to Plaintiffs claims for registered trademark infringement pursuant to 15 U.S.C. § 1114 (Count II), unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a) (Count III); trade dress infringement pursuant to 15 U.S.C. § 1125(a) (Count IV); and for state common law trademark infringement and unfair competition (Count VI). Judgment as a matter of law should also be entered as to Plaintiffs' claims for

injunctive relief, actual damages, treble damages, punitive damages, attorneys' fees and costs, profits, and willful (intentional) infringement under the Lanham Act. Finally, judgment as a matter of law should be granted in favor of Defendant RW Direct on all claims asserted against it in these proceedings.

3. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Defendants infringed Plaintiffs' registered trademarks related to their use of the yellow and black color scheme on power tools and therefore judgment as a matter of law on Count II of the amended complaint should be entered.

4. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Plaintiffs own valid and protectable trade dress rights to the yellow and black color scheme as used in connection with product packaging, or that Plaintiffs' yellow and black color scheme as used in connection with product packaging has attained acquired distinctiveness or secondary meaning, or that Defendants have otherwise infringed Plaintiffs' alleged yellow and black color scheme as used in connection with products or product packaging and therefore judgment as a matter of law should be entered on Count IV of the amended complaint.

5. Plaintiffs failed to present evidence that would allow a reasonable jury to find that that Plaintiffs own valid and protectable trade dress rights to the yellow and black color scheme as used in connection with product packaging, or that Plaintiffs' yellow and black color scheme as used in connection with product packaging has attained acquired distinctiveness or secondary meaning, or that Defendants have otherwise engaged in unfair competition under 15 U.S.C. § 1125(a) and therefore judgment as a matter of law should be entered on Count III of the amended complaint.

6. Plaintiffs failed to present evidence that would allow a reasonable jury to find that that Plaintiffs own valid and protectable trade dress rights to the yellow and black color scheme as used in connection with product packaging, or that Plaintiffs' yellow and black color scheme as used in connection with product packaging has attained acquired distinctiveness or secondary meaning, or that Defendants have otherwise infringed Plaintiffs' alleged yellow and black color scheme as used in connection with products or product packaging and therefore judgment as a matter of law should be entered on Count V of the amended complaint.

7. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Plaintiffs are entitled to recover actual damages under the Lanham Act, 15 U.S.C. § 1117(a) and therefore judgment as a matter of law should be entered as to Plaintiffs' claim to be entitled to a recovery of actual damages.

8. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Plaintiffs are entitled to recover treble damages under the Lanham Act, 15 U.S.C. § 1117(a) and therefore judgment as a matter of law should be entered as to Plaintiffs' claim to be entitled to a recovery of treble damages.

9. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Plaintiffs are entitled to recover their costs and/or attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a) and therefore judgment as a matter of law should be entered as to Plaintiffs' claim to be entitled to a recovery of costs and attorneys' fees.

10. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Plaintiffs are entitled to recover punitive damages and therefore judgment as a matter of law should be entered as to Plaintiffs' claim to be entitled to recover punitive damages.

11. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Plaintiffs are entitled to recover Defendants' profits under the Lanham Act, 15 U.S.C. § 1117(a) and therefore judgment as a matter of law should be entered as to Plaintiffs' claim to be entitled to a recovery of Defendants' profits.

12. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Plaintiffs are entitled to an injunction under the Lanham Act or Illinois common law and therefore judgment as a matter of law should be entered as to Plaintiffs' claim to be entitled to injunctive relief.

12. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Defendants' willfully or intentionally infringed Plaintiffs trademark or trade dress rights or otherwise willfully engaged in unfair competition and therefore judgment as a matter of law should be entered on Plaintiffs' claim for intentional infringement.

13. Plaintiffs failed to present evidence that would allow a reasonable jury to find that Defendant RW Direct is liable for any of the allegations set forth in the complaint and/or amended complaint in this action and therefore judgment as a matter of law should be entered on all claims asserted against RW Direct in these proceedings.

14. A memorandum of law in support of the instant motion is being submitted herewith.

WHEREFORE, Defendants, Positec USA Inc. and RW Direct, Inc., respectfully request this honorable Court enter judgment in their favor and against Plaintiffs.

Respectfully submitted,

 *s/ J. Aron Carnahan*
Dennis D. Murrell
Robert J. Theuerkauf
Brian P. McGraw
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
(502) 584-1135
(502) 561-0442 (fax)
Counsel for Defendants

- and –

J. Aron Carnahan (IL. Bar 6242642)
HUSCH BLACKWELL LLP
120 South Riverside – 22d Floor
Chicago, Illinois 60606
Phone: (312) 665-1500
Facsimile: (312) 655-1501
Local Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of September, 2015, this Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50 was tendered to the Court following Plaintiffs' case in chief and was hand delivered to opposing counsel at that time.

 J. Aron Carnahan
*Counsel for Defendants*