IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | Case No. 1:11-cv-05426 |
| Plaintiffs, | Judge Robert M. Dow, Jr. Magistrate-Judge Geraldine Soat Brown |
| v. | |
| POSITEC USA INC. and RW DIRECT, INC. | |
| Defendants. | |

## INSTRUCTIONS TO THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to. A stipulation is an agreement between both sides that certain facts are true. As I previously explained, you will receive a set of the exhibits received in evidence, both in hard copy and on a flash drive (to the extent that the exhibits are in paper form). You also will receive a hard copy of the stipulations.

During the trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

The evidence concerning prior litigation asserted by Plaintiffs against third parties may be considered by you only and for no other purpose except to demonstrate Plaintiffs' efforts to police their alleged trade dress rights; to evaluate the strength of the Plaintiffs' alleged trade dress rights; to evaluate whether that alleged trade dress has acquired a secondary meaning; and to evaluate whether Defendants willfully infringed Plaintiffs' alleged trade dress. Those prior decisions are not binding on you or the Defendants.

The photograph used by Mr. Berger to formulate his survey as to a likelihood of confusion is not to be considered as substantive evidence and is to be considered by you only and for no other purpose other than to explain how Mr. Berger formulated and conducted his likelihood of confusion survey.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain charts, graphs, timelines and PowerPoint slides have been shown to you. Those visual aids are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, then the other is also liable.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiffs claim that Defendants have infringed Plaintiffs' trademarks and trade dress.

A trademark is a word, symbol, or combination of words or symbols used by a person to identify his product, to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.

A trade dress is a type of trademark used by an entity to identify its product, to distinguish its product from those manufactured or sold by others, and to indicate the source of its product. The term "trade dress" refers to the total image of a product, product packaging, product label, product design, or a combination of these things. It includes features such as size, shape, color or color combinations, texture, graphics, or particular sales techniques.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trade dress owners to show ownership of their products and control their product's reputation.

As I stated previously, Plaintiffs claim that Defendants have infringed the yellow and black color combination of Plaintiffs' DeWalt power tool products, accessories and packaging by selling competing power tool products with the same or substantially the same colors as Plaintiffs' trade dress and family of registered trademarks.

Plaintiffs argue that the public is likely to believe that Defendants' products are in some way affiliated with, or sponsored by, Plaintiffs. Defendants deny, and contend that Plaintiffs have not proven by a preponderance of the evidence, that Plaintiffs have asserted a protectable trade dress, that they own the trade dress being asserted, that the asserted trade dress is valid because it has not acquired distinctiveness and is functional, and that Defendants' use of their trade dresses on the accused products and packaging cause a likelihood of confusion. Defendants also deny that they infringe the family of yellow and black color trademarks associated with Plaintiffs' products.

- 19 -

Plaintiffs claim that Defendants infringe Plaintiffs' "family" trade dress of a "yellow and black color scheme." To succeed on this claim, Plaintiffs must prove the following things by a preponderance of the evidence:

1. Plaintiffs own a "family" of a "yellow and black color scheme" as a trade dress;

2. Plaintiffs' family of a "yellow and black color scheme" is a valid trade dress;

3. Plaintiffs' claimed trade dress is not functional;

4. Defendants used their accused Rockwell branded trade dresses in a manner that is likely to cause confusion as to the source, origin, sponsorship, or approval of Defendants' accused products and packaging.

I will explain what I mean by these terms.

If you find that Plaintiffs have proven each of these things by a preponderance of the evidence, then you must find for Plaintiffs. However, if Plaintiffs did not prove each of these things by a preponderance of the evidence, then you must find for defendants.

A "family" is a group of trademarks or trade dresses having a recognizable common characteristic, wherein the trademarks or trade dresses are composed and used in such a way that the public associates not only the individual trademarks or trade dresses, but the common characteristic of the family, with the trademark or trade dress owner.

One of the things Plaintiffs must prove by a preponderance of the evidence is that Plaintiffs own the alleged "family" trade dress of a "yellow and black color scheme" for its DeWalt branded professional power tools, accessories, and packaging.

Plaintiffs own the "family" of a "yellow and black color scheme" for its DeWalt branded professional power tools, accessories, and packaging as a trade dress if Plaintiffs used the trade dress in a manner that allowed consumers to identify the trade dress with Plaintiffs or its products or packaging before Defendants began to use its accused trade dresses on its accused Rockwell branded products and packaging.

A valid trade dress is a product design or packaging that is "distinctive," which means that the product design or packaging is capable of distinguishing Plaintiffs' products and packaging from the products and packaging of others. A trade dress for a color combination is valid if it has acquired distinctiveness, and it is nonfunctional.

I will explain these terms to you.

To show that the yellow and black color combination of Plaintiffs' DeWalt power tool products, accessories and associated packaging has obtained "secondary meaning," also referred to as "acquired distinctiveness," Plaintiffs must show by a preponderance of evidence that:

1.     A substantial portion of the consuming public identifies the yellow and black colors with a particular source, whether or not consumers know who or what that source is. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products; and

2.     Plaintiffs' trade dress acquired distinctiveness before Defendant first began to use the asserted trade dress.

To decide whether Plaintiffs' trade dress has "acquired distinctiveness," you may consider the following:

•     the amount and manner of advertising, promotion, and other publicity of Plaintiffs' products and packaging using Plaintiffs' trade dress;

•     the sales volume of Plaintiff's product using Plaintiffs' claimed trade dress;

•     the length and manner of use of Plaintiffs' claimed trade dress;

•     consumer testimony;

•     consumer surveys.

Plaintiffs must prove by a preponderance of the evidence that the yellow and black color combination on the DeWalt power tools, accessories and packaging is not functional. A trade dress is "functional" if it is essential to the operation of the product as a whole. To determine this, you are to consider the following:

- Are there other designs that could perform the function equally well? If so, this is evidence that the design is not functional.

- Does the design provide a practical advantage? If so, this is evidence that the design is functional.

- Have Plaintiffs advertised or promoted the practical advantages of the design? If so, this is evidence that the design is functional.

- Does the design result from a comparatively simple, cheap, or superior method of manufacturing the product or packaging? If so, this is evidence that the design is functional.

- Would the Plaintiffs' exclusive use of the design put competitors at a significant disadvantage not related to reputation? If so, this is evidence that the design is functional.

To determine whether a product's trade dress is functional, you should consider everything that makes up the trade dress.

As I have told you, one of the things that Plaintiffs must prove is that Defendants have used power tool products and packaging in a manner that is likely to cause confusion ~~as to the~~ as to the source, origin, sponsorship and/or affiliation of Defendants' products and associated packaging.

Plaintiffs must prove by a preponderance of the evidence a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the power tool products and packaging at issue in this case.

In deciding this, you should consider the following:

•   Whether the overall impression created by Defendants' power tool products and packaging is similar in appearance to that created by Plaintiffs' power tool products and packaging using the yellow and black color combination;

•   Whether Defendants and Plaintiffs use the yellow and black color combination on the same or related products and packaging;

•   Whether Plaintiffs' and Defendants' products and associated packaging are likely to be sold in the same or similar stores or outlets, or advertised in similar media;

•   The degree of care that purchasers or potential purchasers are likely to exercise in buying or considering whether to buy the products at issue in this case. This may depend on the level of sophistication of potential buyers of the products and the costs of the products;

•   The degree to which purchasers or potential purchasers recognize Plaintiffs' trade dress as an indication of the origin of Plaintiffs' products. You may consider my previous instructions concerning secondary meaning to help you assess this factor;

•   Whether Defendants' use of the yellow and black color combination on their power tool products and packaging has led to instances of actual confusion among purchasers or potential purchasers about the source, origin, sponsorship and/or affiliation of Defendants'

products and associated packaging. However, actual confusion is not required for finding a likelihood of confusion;

- Whether Defendants intended to pass off their power tool products and packaging as that of Plaintiffs, or intended to confuse consumers.

The weight to be given to each of these factors is up to you to determine. No particular factor or number of factors is required to prove likelihood of confusion.

As stated, in addition to Plaintiffs' claim for trade dress infringement, Plaintiffs also allege that Defendants have infringed their family of registered yellow and black color trademarks associated with their DeWalt power tool products. To prevail on their trademark infringement claim, Plaintiffs must prove that Defendants' power tool products and packaging are likely to cause consumers to believe mistakenly that their products and packaging are manufactured, sponsored, or endorsed by, or affiliated or connected with, Plaintiffs' brand.

Plaintiffs must prove by a preponderance of the evidence a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the power tool products and packaging at issue in this case.

In deciding this, you should consider the following:

• Whether the overall impression created by Defendants' power tool products and packaging is similar in appearance to that created by the family of registered yellow and black color trademarks associated with Plaintiffs' power tool products;

• Whether Defendants and Plaintiffs use the yellow and black color combination on the same or related products and packaging;

• Whether Plaintiffs' and Defendants' products and associated packaging are likely to be sold in the same or similar stores or outlets, or advertised in similar media;

• The degree of care that purchasers or potential purchasers are likely to exercise in buying or considering whether to buy the products at issue in this case. This may depend on the level of sophistication of potential buyers of the products and the costs of the products;

• The degree to which purchasers or potential purchasers recognize Plaintiffs' family of registered yellow and black color trademarks as an indication of the origin of Plaintiffs' products. You may consider my previous instructions concerning secondary meaning to help you assess this factor;

- 28 -

• Whether Defendants' use of the yellow and black color combination on their power tool products and packaging has led to instances of actual confusion among purchasers or potential purchasers about the source, origin, sponsorship and/or affiliation of Defendants' products and associated packaging. However, actual confusion is not required for finding a likelihood of confusion;

• Whether Defendants intended to pass off their power tool products and packaging as that of Plaintiffs, or intended to confuse consumers.

The weight to be given to each of these factors is up to you to determine. No particular factor or number of factors is required to prove likelihood of confusion.

If you decide for Plaintiffs on the question of liability, then you should consider the amount of money to award to Plaintiffs.

If you decide for Defendants on the question of liability, then you should not consider this issue.

Plaintiffs may recover the profits Defendants gained from the trademark or trade dress infringement. Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Defendants received due to their use of the claimed trademarks or trade dress.

Plaintiffs are required only to prove Defendants' gross revenue. Defendants are required to prove any expenses that they argue should be deducted in determining their profits.

Plaintiffs are entitled to recover Defendants' total profits from Defendants' use of the claimed trademarks or trade dress, unless Defendants prove that a portion of the profit is due to factors other than the use of the claimed trademarks or trade dress.

If you find that Defendants infringed Plaintiffs' trademarks or trade dress, you must also determine whether Plaintiffs have proven that, at the time Defendants used the trademarks or trade dress, Defendants acted willfully. Defendants acted willfully if they knew that they were infringing Plaintiffs' trademarks or trade dress or if they acted with indifference to Plaintiffs' trademark or trade dress rights.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you. [Forms of verdict read.] Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign and date it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any (for example, 3-5 or 4-4).

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

# VERDICT FORM

PART I

For each question, follow the instructions below and answer accordingly.  Unless otherwise noted, please use an "X" to designate your answer.

1.    On Plaintiffs' trademark infringement claim, we the jury find as follows:

|  | For Plaintiffs | For Defendant |
|---|---|---|
| As to Defendant Positec | _____ | _____ |
| As to Defendant RW Direct | _____ | _____ |

2.    On Plaintiffs' trade dress infringement claim, we the jury find as follows:

|  | For Plaintiffs | For Defendant |
|---|---|---|
| As to Defendant Positec | _____ | _____ |
| As to Defendant RW Direct | _____ | _____ |

If you found for Plaintiffs on any of the questions above, please proceed to Part II.  If you found for Defendants on all of the above questions, please proceed to the Part IV.

PART II

3.    State the amount of Defendants' profits, if any, that are to be awarded to Plaintiffs

As to Defendant Positec:          $_____

As to Defendant RW Direct:      $_____

Please proceed to Part III.

PART III

4.    Do you find that Defendants' infringement was willful?

|  | YES | NO |
|---|---|---|
| As to Defendant Positec | _____ | _____ |
| As to Defendant RW Direct | _____ | _____ |

PART IV

Please sign and date this form below and provide the Court Security Officer with a note that you have reached a verdict:

              <u>Signature</u>                      <u>Date</u>

1.) _____      _____
           Foreperson

2.) _____      _____

3.) _____      _____

4.) _____      _____

5.) _____      _____

6.) _____      _____

7.) _____      _____

8.) _____      _____