IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> POSITEC USA INC. and RW DIRECT, INC. <br><br> Defendants. | Case No. 1:11-cv-05426 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate-Judge Geraldine Soat Brown |

**PARTIES' JOINT STATUS REPORT CONCERNING
ENTRY OF JUDGMENT ON THE JURY VERDICT
AND POSTING OF A SECURITY BOND**

Pursuant to the Court's October 28, 2015 Order (Dkt. #223), Plaintiffs, The Black & Decker Corporation, Black & Decker Inc. and Black & Decker (U.S.) Inc. ("Plaintiffs"), and Defendants, Positec USA Inc. and RW Direct, Inc. ("Defendants"), respectfully submit this joint status report addressing (1) the entry of judgment on the jury verdict and (2) the posting of a supersedeas bond. The parties could not reach agreement. Their respective positions are set forth below.

**I.      PLAINTIFFS' POSITION**

For the following reasons, the Court should enter judgment on the jury verdict and order Defendants to post a bond to secure the substantial damages award, pending the parties' respective post-trial motions and any appeal. Neither the Rules, the Lanham Act, nor the facts of this case justify forestalling immediate entry of judgment on the jury verdict under Rule 58(b)(2)(A). The circumstances also require Defendants to post the requested security bond.

### A. The Intended Entry of Judgment on the Jury Verdict

On October 5, 2015, the jury returned a unanimous verdict in favor of Plaintiffs and against Defendants, finding that Defendants have willfully infringed Plaintiffs' asserted trademarks and trade dress and awarding as damages Defendants' profits of $54,074,815. (Special Verdict Form, Parts I-III, Dkt. #215.) Moments after the verdict was read, the Court said it would "enter[] judgment on the verdict . . ." the same day. (Trial Tr. 1045:15-16; *see also* 10/22/2015 Hr'g Tr. 2:18, Ex. A (Court confirming that it "meant to enter judgment on the verdict").) Defendants made no objection to the immediate entry of judgment, nor did Defendants request a stay of judgment; in fact, neither side objected to the Court's intention to promptly enter judgment. (Trial Tr. 1045-46.) Although the Court entered the Verdict Form (Dkt. #215) and made a separate Minute Entry concerning the verdict on October 5, 2015 (Dkt. #218), it did not formally enter judgment.

Plaintiffs subsequently moved for entry of judgment on the jury verdict pursuant to Rules 58(b)(2)(A) and 58(d). (Dkt. #221.) At the presentment of Plaintiffs' motion, Defendants' counsel seized on this opportunity and – for the first time – objected to the Court entering judgment. (10/22/2015 Hr'g Tr. 2:24 – 3:5, Ex. A.) Specifically, Defendants' counsel argued that entering the judgment on the jury verdict would somehow be "premature" until the Court decides whether to increase or decrease the damages award under 15 U.S.C. § 1117(a). (*Id.*) In light of the parties' disagreement concerning entry of judgment, the Court asked the parties to submit this joint status report. (10/22/2015 Hr'g Tr. 4:20-24; *id.* 5:7-12, Ex. A.)

### B. Rule 58 Requires Prompt Entry of Judgment Following a Jury Verdict

Defendants oppose what is required by the plain language of Rule 58(b)(2)(A). When a jury returns a special verdict – as the jury in this case did on October 5, 2015 – the Court "must promptly approve the form of the judgment, which the clerk must promptly enter…." Fed. R. Civ. P. 58(b)(2)(A). Neither Rule 58 nor the Lanham Act provides an exception to Rule 58(b)(2)(A)'s

"prompt approval" and "prompt entry" provisions so as to render "premature" entry of judgment on the verdict *before* the Court addresses post-trial issues under § 1117(a) or otherwise. *See, e.g., Wesley v. Yellow Transp., Inc.*, No. 3:05-CV-2266-D, 2010 WL 3606095, at *1 n.1 (N.D. Tex. Sept. 16, 2010) ("after the jury returned its verdict, the court indicated it would enter judgment promptly, and it did so in accordance with Rule 58(b)(2)(A)"); 15 U.S.C. § 1117(a) ("the plaintiff shall be entitled[,] . . . subject to the principles of equity, to recover (1) defendant's profits"). Although the Advisory Committee has recognized that Rule 58's "simple separate document requirement has been ignored in many cases" and that there will be "cases in which court and clerk fail to comply with this simple requirement," Fed. R. Civ. P. 58 advisory committee notes 2002, courts and clerks routinely abide by the Rule's "prompt entry" provision – including in Lanham Act § 1117(a) cases. *See, e.g., Innovation Ventures, LLC v. N2G Distributing, Inc.,* No. 08-CV-10983, 2012 WL 1468470, at *4-5 (E.D. Mich. Apr. 27, 2012) (court entered judgment "same day the jury had rendered its verdict" awarding plaintiff damages under 1117(a) and before post-trial determination of motion to increase damage award and other motions); *Rasic v. City of Northlake,* No. 08 C 104, 2010 WL 3365918, at *1 (N.D. Ill. Aug. 24, 2010) (Schenkier, M.J.) (court entered judgment same day as jury verdict and before post-trial motions under Rules 50(b) and 59)).

Thus, the proper context for the Court to consider an increase or decrease of the jury's profit award under § 1117(a) is during the Rule 50(b) post-trial motion period. *Exclaim Marketing, LLC v. DirecTV, LLC,* No. 5:11-CV-684-FL, 2015 WL 5725692, at *1 (E.D.N.C. Sept. 30, 2015) (granting trademark owner's "motion for increased profits, made pursuant to 15 U.S.C. § 1117(a) and Federal Rule of Civil Procedure 50(b)"). And, in this case, the Court's determination of the § 1117(a) issues should occur after judgment has been entered on the verdict pursuant to Rule 58(b)(2)(A).

Where judgment on a verdict is *not* promptly entered as required by Rule 58(b)(2)(A), the Rule allows a party to move for such entry – just as Plaintiffs have done in this case (Dkt. #221). Indeed, "allowing any party to move for entry of judgment on a separate document [under Rule 58(d)] will protect all needs for *prompt commencement* of the periods for motions, appeals, and execution or other enforcement." Fed. R. Civ. P. 58 advisory committee note 2002 (emphasis added); *see also Potter v. Barnhart,* 2003 WL 22016796, at *2 (E.D. Pa. June 11, 2003) ("[t]hrough an error, [the court] did not submit a separate Entry of Judgment document," "[n]either party moved the court pursuant to Rule 58(d) to correct the problem," but litigant had "the ability to protect [itself] . . . by moving pursuant to Rule 58(d) to have the court enter judgment"); *Greenberg v. Chrust*, 2004 WL 585823, at *4 (S.D.N.Y. Mar. 25, 2004) ("the tenor of Rule 58 of the Federal Rules of Civil Procedure . . . urges the clerk and the court to enter judgments promptly").

There is no prejudice to Defendants in entering judgment on the jury verdict – the Court will consider and rule on Defendants' several post-trial motions, which address nearly every issue in the case. (Dkt. #227 (motion to decrease profits under § 1117(a)); Dkt. #228 (motion for a new trial under Rule 59); Dkt. #229 (motion to strike jury demand); Dkt. #230 (motion for JMOL).) Likewise, prompt entry of judgment establishes an orderly process for "motions, appeals, and execution or other enforcement." Fed. R. Civ. P. 58 advisory committee note 2002. Accordingly, Plaintiffs respectfully request that the Court enter judgment in this case on the jury verdict *nunc pro tunc* to October 5, 2015, the date the jury verdict was entered. Pursuant to Rules 58(a) and (d) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that the Court set out its entry of judgment in a separate document.

### C. The Posting of a Supersedeas Bond is Necessary and Appropriate in this Case

As held by the Supreme Court: "The district court may *only* stay execution of the judgment pending the disposition of certain post-trial motions or appeal *if the court provides for the security of the judgment creditor*." *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996) (emphasis added), citing Fed. R. Civ. P. 62(b) (stay pending post-trial motions "on such conditions for the security of the adverse party as are proper") and Fed. R. Civ. P. 62(d) (stay pending appeal "by giving a supersedeas bond"); *see also Barfield v. Sho-Me Power Elec. Co-op.*, 2:11-cv-04321-NKL, 2015 WL 4159988, at *3-4 (W.D. Mo. July 9, 2015) ("*There is a presumption in favor of requiring security*, and the Court finds that to protect Plaintiffs' interest pending resolution of post-trial motions and an appeal, [Defendants] must post adequate security to obtain a stay of enforcement of the judgment against them under both Rules 62(b) and 62(d)... Therefore, to stay enforcement of the judgment pending post-trial motions and an appeal, [Defendants] must provide security in the amount of $41.5 million.") (emphasis added).

In *E.E.O.C. v. Preferred Mgmt. Corp.*, IP 98-1697-CB/S, 2002 WL 31132216 (S.D. Ind. Sept. 24, 2002), the court held:

> Fed.R.Civ.P. 62(b) and (d) provide for the posting of security, usually in the form of a supersedeas bond, when a party seeks to stay execution of a judgment pending a motion for a new trial (62(b)) or appeal (62(d)). Two obvious points are worth noting. First, providing security during the pendency of post-trial motions or appeals is a practical means of creating confidence that an already-rendered money judgment will be satisfied... Second, posting a bond is the *usual* means of providing such security.

*Id*. at *3 (emphasis in original), citing *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986) ("Posting a supersedeas bond is the simplest way" of assuring that "the judgment will be paid if it is affirmed.").

This Court indicated at the October 22, 2015 hearing: "Generally speaking, when there's a judgment issued against you, there is a bond issued." (10/22/15 Hr'g Tr. p. 6, Ex. A). Defendants' counsel responded that the Court's discretion under the Lanham Act (to increase or decrease damages) could "impact what the superseades bond might have to be." (*Id.* p. 7). This argument could be made in every case where a verdict is being challenged, or where a plaintiff is asking for increased damages, effectively reading the security requirement out of the Federal Rules completely. Defendants should post a bond immediately, and *if* the damage award is increased or decreased through post-trial motions, the bond can be easily adjusted at that point, again causing no prejudice or harm to Defendants.

Indeed, regarding 15 U.S.C. § 1117(a), the Seventh Circuit instructs that "the trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party." *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 941 (7th Cir. 1989) (quoting *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985)) (affirming jury award of $4.3 million in profits under § 1117(a) on $5.9 million in gross sales). The district court in *Roulo* (J. Kocoras) held: "The plaintiff had a statutory right to the defendant's profits from the accused line of cards… yet the defendant says it is manifestly unjust to award the plaintiff 75% of the defendant's total sales. The defendant's complaint is basically with Congress and not with a jury that did what Congress said it could lawfully do." *Roulo v. Russ Berrie & Co.*, No. 82 C 2668, 1988 WL 64094, at *1 (N.D. Ill. June 10, 1988) *aff'd*, 886 F.2d 931 (7th Cir. 1989). Judge Kocoras subsequently desired Defendant's motion to waive the supersedeas bond. *Roulo v. Russ Berrie & Co.*, No. 82 C 2668, 1988 WL 72306, at *1 (N.D. Ill. July 5, 1988) *aff'd*, 886 F.2d 931 (7th Cir. 1989)The jury's $54 million award in this case amounts to *less than 19%* of Defendants' infringing sales of $290 million, thereby allowing Defendants to retain *over 81%* of their willfully infringing revenue.

A much higher damage award is justified (*see* Dkt. #225), but the Court need not reach the issue here.

Simply put, "providing security during the pendency of post-trial motions or appeals is a practical means of creating confidence that an already-rendered money judgment will be satisfied." *E.E.O.C.*, 2002 WL 31132216 at *3, citing *Lightfoot*, 797 F.2d at 507. Accordingly, the "presumption in favor of requiring a bond" is particularly applicable here. *Barfield*, 2015 WL 4159988 at *2; *Peacock*, 516 U.S. at 359 ("In the event a stay is entered pending appeal, the Rules require the district court to ensure that the judgment creditor's position is secured, ordinarily by a supersedeas bond."); *see also Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 215 (D.S.C. 1984) ("[P]laintiff's judgment will be adequately secured during the pendency of defendants' post-trial motions upon the posting of a bond in the nature of a supersedeas bond in the amount of [the full judgment plus three months interest] by defendants"). **First**, Defendants are owned by foreign entities, making the collection process difficult and complex. (Trial Tr. 727-728, 761, 765, 829). **Second**, Defendants have already engaged in corporate machinations for "deflection of liability." (Trial Tr. 494-495). **Third**, Defendants are adjudicated willful infringers, yet they continue to sell the yellow and black packaging in the marketplace, and have even increased their level of infringement, there by showing no respect for the judicial process. (Dkt. No. #224 p. 3-7). **Fourth**, Defendants' owner, Mr. Don Gao, can easily post a bond with very little cost to himself or any of his businesses. (*See* Trial Tr. 762). **Fifth**, the expense of the bond, if any, is fully reimbursable as a taxable cost if Defendants prevail on appeal, so there is no possible harm to Defendants in posting a bond.

### D.     Plaintiffs Request a Supersedeas Bond of $67,500,000

Applying a conservative bond of 1.25 times the amount of the total award ($54,074,815) results in a supersedeas bond of approximately $67,500,000. *See In re GGW Brands, LLC*, 2:13-

bk-15130-SK, 2013 WL 6906375, at *28 (Bankr. C.D. Cal. Nov. 15, 2013) ("… a bond of 1.25 to 1.5 time[s] the judgment is 'typically required'").

Plaintiffs agree to stay any enforcement proceedings during post-trial motions (and any appeal) upon Defendants' immediate posting of a $67,500,000 supersedeas bond.

Defendants' counsel told the jury that Defendants are "a legitimate company doing legitimate work" in the United States. (Trial Tr. 996). Legitimate companies post a bond after receiving an unfavorable verdict in federal court. For the reasons set forth herein, Plaintiffs respectfully request that the Court order Defendants to post *forthwith* a supersedeas bond in the amount of $67,500,000.

## II.     DEFENDANTS' POSITION

### INTRODUCTION

The prompt entry of judgment urged by Plaintiffs would be premature, ineffectual, and prejudicial. There are multiple post-verdict issues still to be settled, including several motions specifically directed at the award of damages. The entry of judgment should await resolution of these issues.

First, as to prematurity, no final judgment is possible here until the court exercises its discretion under 15 U.S.C. § 1117(a) to determine whether an award of profits is "just." In keeping with that statutory dictate, no judgment should be entered until the profit award, if any, is determined. *Oxford Indus. v. Hartmarx Corp.*, No. 88 C 0322, 1990 U.S. Dist. LEXIS 5979, *1649-50 (N.D. Ill. May 2, 1990) (entry of judgment is "premature" until court exercises its discretion under section 1117).

Second, as to ineffectual, the parties' post-trial motions, beyond the application of section 1117, directly affect what judgment will be entered and in what amount. There is, at present, no

finality attached to the Jury's verdict and if the parties have their way, that verdict is certain to change. No judgment thus can or should be entered until these issues are resolved.

Third, as to prejudicial, if judgment is entered prematurely, Defendants will incur the cost and expense of obtaining a bond — costs that could be avoided entirely or altered materially depending on the post-trial motions. The entry of judgment will engender procedural complications as well, since Defendants would have to contemplate the filing of a notice of appeal. In addition, these costs and complications could confound settlement considerations, with no perceptible benefits.

There is no "real-world" urgency to enter judgment here, nor any impending statutory deadline requiring this Court to do so. The legally-required and prudent course is to delay entry until the post-verdict motions and request for injunctive relief are resolved. For the reasons noted, Defendants urge this Court to pursue that course.

## ARGUMENT

### A. The Court Must Determine Any Award Of Profits Prior To Entry Of Judgment

On October 5, 2015, the Jury returned a verdict against Defendants based solely on Defendants' alleged profits in the amount of $54,074,815. *See* DN # 218. On November 2, 2015, Defendants filed their Motion to Set Profits Award Pursuant to 15 U.S.C. § 1117(a) and Alternative Motion for Remittitur (DN # 227), requesting that the Court exercise its broad discretion under 15 U.S.C. § 1117(a) to eliminate or substantially reduce the award contained in the jury verdict. Plaintiffs also filed a motion requesting the Court to exercise its discretion under 15 U.S.C. § 1117(a) and increase the damage award against Defendants. *See* DN # 225.

In a Lanham Act case, it is the province of the court to determine the propriety of any award based on the claimant's profits subsequent to a jury verdict, and to increase or decrease such an

award prior to the entry of judgment. *See* 15 U.S.C. § 1117. 15 U.S.C. § 1117(a) provides that when a violation of a trademark [or trade dress] is established in a civil action, subject to the principles of equity, a plaintiff may recover defendant's profits. *See id.* It further reserves the determination of any final award based on profits or damages to the court:

> "[t]he court shall assess such profits and damages . . . . In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed . . . . If the court shall find that the amount of the recovery based on profits is either inadequate or excessive **the court may in its discretion enter judgment for such sum as the court shall find to be just**, according to the circumstances of the case . . . ." *Id.* (emphasis added)

*Id.* Thus prior to "enter[ing] judgment for such sum as the court shall find to be just," the Court must perform its function in assessing profits. *Id. See also Oxford Indus.*, 1990 U.S. Dist. LEXIS 5979 at *1649-50 (entry of judgment was "premature" prior to the Court's performance of its "responsibility under 15 U.S.C. § 1117(a) of assessing profits and determining whether a recovery based on profits would be either inadequate or excessive"); *see also Lurzer GMBH v. American Showcase, Inc.*, 75 F. Supp. 2d 98, 103-04 (S.D.N.Y. 1998) ("the Lanham Act not only provides that a plaintiff's recovery is generally 'subject to the principles of equity,' 15 U.S.C. § 1117, but also that a district court should determine whether a jury's award of profits is 'inadequate or excessive' and, if so, enter judgment for 'such sum as the court shall find to be just, according to the circumstances of the case'").

For example, in *Oxford*, 1990 U.S. Dist. LEXIS 5979, the jury returned a verdict on a trademark infringement claim for profits in the amount of $700,000, and the Court ordered judgment to be entered on the verdict. *Id.* at *4. Upon subsequent motion, in recognition that it was premature for the Court to enter judgment on the verdict and that it was the province of the Court to assess profits and determine the amount of the judgment, the Court vacated the judgment. *See id.* at *4-5. In *Lurzer*, 75 F. Supp. 2d 98, prior to entering judgment, the Court considered

competing motions to increase and decrease the jury's award of profits. *Id*. at 103-04. Citing a lack of connection between any infringement and the defendant's profits, as well as the failure of the jury to make proper deductions, the Court substantially reduced the jury's award of profits and then entered judgment. *Id*. at 105. Such a procedure is appropriate here.

Indeed, in its prior September 22, 2015 Memorandum Opinion and Order (DN # 192) ("September 22 Order") addressing certain motions *in limine*, the Court already expressly stated that any award of profits by the jury would be subject to assessment and modification by the Court prior to the entry of judgment. *See* DN # 192. In its September 22 Order, in declining to rule on the availability of certain damages until after the trial, the Court stated its "discretion to modify awards of damages and profits **prior to entering judgment**," under the Lanham Act. DN # 192, p. 5 (emphasis added). The Court went on to state that it would have the discretion to adjust any profits award prior to the entry of judgment:

> If the only damages that Plaintiffs establish are based on the Defendants' profits, then the Court will have discretion to adjust the profits award upward if it determines **prior to entry of judgment** that 'the recovery based on profits is * * * inadequate." [15 U.S.C. § 1117(a)]. The Court could also adjust the profits award down if it believes the profits award is excessive. *Id*. The amount the Court ultimately awards as profits must 'constitute compensation and not a penalty.'

DN # 192, p. 5 (emphasis added). As a result, under both the plain language of the Lanham Act and this Court's prior orders, the Court should not enter judgment until it has made a determination regarding whether to increase, decrease or eliminate the Jury's award of alleged profits.

### B. The Court Should Enter Judgment After Resolving All Of The Parties' Post-Trial Motions

Not only is it mandatory under the Lanham Act for the Court to determine any award of profits prior to entry of judgment, both Plaintiffs and Defendants have requested that the Court reconsider the potential award returned by the Jury. To fulfill its role pursuant to 15 U.S.C. §

1117(a) to determine whether the profits awarded by the jury are inadequate or excessive, the Court must consider and rule on these motions prior to entering judgment. Accordingly, no final judgment should be issued until the Court resolves these motions and makes its determination regarding the propriety of the jury's profits award.

In addition, other motions and issues before the Court must be decided prior to the entry of any judgment. Plaintiffs have petitioned the Court for relief seeking entry of a permanent injunction against Defendants. *See* DN # 219. Plaintiffs' entitlement to injunctive relief is an issue for the Court to decide prior to entry of a judgment. *Oxford*, 1990 U.S. Dist. LEXIS 5979, at *1650; *see also SPSS Inc. v. Nie*, Case No. 08-C-66, 2009 U.S. Dist. LEXIS 73863 (N.D. Ill. Aug 19, 2009) (holding claims for injunctive relief, costs and attorneys' fees are all equitable issues for the Court to decide under the Lanham Act). Plaintiffs have also requested that the Court determine this case to be "exceptional" under the Lanham Act and award Plaintiffs their attorneys' fees (DN # 224), which is another an issue that must be decided prior to entry of judgment. *See Oxford*, 1990 U.S. Dist. LEXIS 5979, at *1650 (citing *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 658 (7th Cir. 1981), for the proposition that "attorney's fees awarded under § 1117 are intertwined with the substantive issues in a trademark infringement case and are properly a part of the judgment"); *see also BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994) (holding the decision to award attorneys' fees under the Lanham Act is an equitable issue for the Court to decide). Finally, as already acknowledged by the Court at the pretrial conference, while the jury has issued an advisory opinion regarding willfulness, this is ultimately an issue for the Court to decide.

In addition to those motions related to the Jury's award of profits and the other issues referenced above – which must be decided prior to entry of judgment – the parties filed numerous other post-trial motions on November 2, 2015. Defendants filed a Motion for New Trial Pursuant

to Fed. R. Civ. P. 59(a) (DN # 228), a Renewed Motion to Strike Plaintiffs' Jury Demand (DN # 229) and a Motion for Judgment as a Matter of Law Following Trial (DN # 230). Plaintiffs also filed a Motion for Supplemental Damages (DN # 226) and have filed a Motion for Prejudgment Interest which remain pending (DN # 220).

In addition to substantially impacting or vitiating any judgment entered by the Court, the decisions on these motions will necessarily impact those issues referenced in Section I, *supra*, which the Court must decide prior to entry of judgment. If granted, Defendants' Renewed Motion to Strike Plaintiffs' Jury Demand will fundamentally change the Court's analysis of any profits determination, as the Jury's verdict regarding profits would be disregarded. Resolution of Defendants' Motion for Judgment as a Matter of Law Following Trial and Plaintiffs' Motion for Prejudgment Interest will require considerations of Defendants' intent and conduct that will be intertwined with the determinations by the Court on willfulness and attorneys' fees which the Court must decide prior to entry of judgment.

Given that the resolution of these motions will necessarily require the Court to amend, revise or vacate any judgment already entered, as well as impact those issues the Court must decide prior to entry of judgment, the Court should refrain from entering judgment until all of these currently pending motions are decided. *See, e.g.*, *Lurzer*, 75 F. Supp. 2d 98 (ruling on similar post-trial motions prior to the entry of final judgment); *B&F Sys. v. Leblanc*, Civil Action No. 7:07-CV-192 (HL), 2012 U.S. Dist. LEXIS 90504 (M.D. Ga. June 29, 2012) (same); *Buzz Off Insect Shield, LLC v. S.C. Johnson & Son, Inc.*, 606 F. Supp. 2d 571 (M.D.N.C. 2009) (same).

Prior to entry of judgment, the Court should therefore decide the following issues which materially affect any judgment that is to be entered:

- Any award of profits under 15 U.S.C. § 1117(a);
- Plaintiffs' entitlement to injunctive relief;

- Plaintiffs' entitlement to attorneys' fees;

- Plaintiffs' entitlement to pre-judgment interest;

- Willfulness;

- Defendants' motion for a new trial;

- Defendants' renewed motion to strike the jury demand; and

- Defendants' motion for judgment as a matter of law.

Accordingly, a final judgment should be entered only after all of these motions and/or issues have been resolved.

### C.  A Premature Entry Of Judgment Could Further Complicate Matters And Result In Inequities To Defendants

Furthermore, given the amount at issue in the Jury's verdict, Defendants should not be penalized through entry of a judgment which will require Defendants to post a bond prior to a determination by the Court of the amount, if any, for which Defendants are liable. Upon entry of judgment, Defendants will be required to post a bond under either Fed. R. Civ. P. 62(b) or Fed. R. Civ. P. 62(d). To post a bond for an approximately $54 million verdict, Defendants will be required to obtain surety. The premiums charged by a surety company for any bond of this magnitude will likely cost Defendants millions of dollars. While the Court may substantially reduce or eliminate the award within a matter of weeks or months, Defendants would still have been forced to pay millions in premiums which they will be unable to recover. In addition to being inequitable, the costs of paying a surety company could be counter-productive to settlement.

Finally, there is also no real urgent need to enter judgment now, as opposed to after the Court resolves all of the outstanding issues outlined herein, since there is no evidence that Plaintiffs would be prejudiced if the Court waits to enter judgment. Indeed, as set forth in great detail in Defendants' various post-trial motions, aside from one highly questionable survey, Plaintiffs

presented zero evidence of any actual consumer confusion despite over six-years of contemporaneous sales by the parties. Further, Plaintiffs presented no evidence that they have lost a single sale as a result of the alleged infringing actions of Defendants and, in fact, the uncontroverted evidence at trial showed that Plaintiffs' sales actually rose during the relevant six-year period.

Accordingly, no judgment should be entered until the Court has resolved the outstanding equitable issues in this case and further resolved the parties numerous post-trial motions.

## **CONCLUSION**

For the foregoing reasons, the Court should refrain from entering a final judgment until all of the currently pending motions have been decided. Pursuant to 15 U.S.C. § 1117(a), the Court must exercise its broad discretion and rule on the parties' motions requesting amendment of the Jury's award of Defendants' alleged profits prior to entry of judgment. As a matter of law, prior to entry of judgment, the Court must also decide the issues of: (1) attorneys' fees; (2) injunctive relief; and (3) willfulness. Given the numerous post-trial motions filed by the parties which will substantially impact these issues and any judgment, the Court should resolve all pending motions, and then enter a final judgment.

Respectfully submitted,

| */s/ Raymond P. Niro, Jr.* | */s/ Robert J. Theuerkauf* |
|---|---|
| Raymond P. Niro, Jr. | Henry S. Alford |
| Matthew G. McAndrews | Scot A. Duvall |
| Kyle D. Wallenberg | Brian P. McGraw |
| NIRO McANDREWS, LLC | Dennis D. Murrell |
| 200 W. Madison St., Suite 2040 | Robert J. Theuerkauf |
| Chicago, IL 60606 | MIDDLETON REUTLINGER |
| (312) 755-8575 | 401 S. Fourth Street |
| Fax: (312) 674-7481 | 2500 Brown & Williamson Tower |
| rnirojr@niro-mcandrews.com | Louisville, KY 40202 |
| mmcandrews@niro-mcandrews.com | HAlford@MiddletonLaw.com |
| kwallenberg@niro-mcandrews.com | SDuvall@MiddletonLaw.com |

Attorneys for Plaintiffs

BMcGraw@MiddletonLaw.com
DMurrell@MiddletonLaw.com
RJT@MiddletonLaw.com

J. Aron Carnahan
HUSCH BLACKWELL LLP
120 S. Riverside Plaza, 22nd Fl.
Chicago, IL 60606
aron.carnahan@huschblackwell.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 5, 2015 the foregoing

**PARTIES' JOINT STATUS REPORT CONCERNING
ENTRY OF JUDGMENT ON THE JURY VERDICT
AND POSTING OF A SECURITY BOND**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| J. Aron Carnahan<br>HUSCH BLACKWELL LLP<br>120 S. Riverside Plaza, 22nd Fl.<br>Chicago, IL 60606<br>aron.carnahan@huschblackwell.com | Henry S. Alford<br>Scot A. Duvall<br>Brian P. McGraw<br>Dennis D. Murrell<br>Robert J. Theuerkauf<br>MIDDLETON REUTLINGER<br>401 S. Fourth Street<br>2500 Brown & Williamson Tower<br>Louisville, KY  40202<br>HAlford@MiddletonLaw.com<br>SDuvall@MiddletonLaw.com<br>BMcGraw@MiddletonLaw.com<br>DMurrell@MiddletonLaw.com<br>RJT@MiddletonLaw.com |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                         */s/ Raymond P. Niro, Jr.*
                                         Attorney for Plaintiffs
                                         NIRO McANDREWS, LLC